## MORRISON v. JUDGE, ET AL.

1. When a mortgagee brings detinue to recover chattels mortgaged for the payment of a debt, his right to recover cannot be defeated, but by showing payment of the entire debt. It is therefore error in the court, to permit evidence of the payment of a part of the debt, as that is an immaterial inquiry.

2. It is error for the court to direct the jury, that the slaves mortgaged, shall be estimated at the amount of the mortgaged debt due at the time.

3. When an error is shown upon the record, to authorize the appellate court to disregard it, it must be clearly shown, that it could not by possibility prejudice the party complaining of it.

Writ of Error to the Circuit Court of Lowndes. Before the Hon. E. Pickens.

Morrison v. Judge et al.

This was an action of detinue, brought by the plaintiff in error against the defendant, for the recovery of two slaves. On the trial, a bill of exceptions was taken, which presents the following facts. Three slaves had been mortgaged to the plaintiff, and he, the plaintiff, had, at the same term at which this cause was tried, recovered one of them, of one Gardner, and the court permitted the recovery against Gardner to be read to the jury as evidence, in reduction of the amount due on the mortgage—the plaintiff objecting to this testimony. No money, except two hundred dollars had been paid on the mortgage, and the negro recovered of Gardner, had not been delivered. Deducting the amount of the recovery against Gardner, there was still due the plaintiff on the mortgage, about forty dollars. There was evidence tending to show, that the mortgage was fraudulent; and a charge given, that if the mortgage was fraudulent, the plaintiff could not recover.

The plaintiff requested the court to charge, that if the plaintiff was entitled to recover at all, his recovery would be the specific property, or its value. This charge the court refused, but charged, that if the plaintiff was entitled to recover, the amount of the recovery must be the amount due on the mortgage, and not the negroes, or their value, with damages for the detention. To the charge given, and for refusing to charge as requested, and also for permitting the evidence of the recovery against Gardner, the plaintiff excepted, and a verdict and judgment being rendered for the defendants, a writ of error is prosecuted to this court, and the matters arising out of the bill of exceptions, are here assigned for error.

GILCHRIST, for plaintiff in error.

COOK & ELMORE, for the defendant.

1. The bill of exceptions shows that the question of fraud was involved, and that the verdict turned solely on that point. The point as to the reduction of damages did not enter into the verdict, was not material on the trial, and is not so in this court. It is shown by the bill of exceptions, that unless

the jury found for the defendants, on the question of fraud, the verdict was obliged to be for the plaintiff, for damages at least, to the amount of forty dollars. And the cause will not be reversed where there is no injury, though there be error. Holmes v. Gayle & Bower, 1 Ala. 517; McKenzie v. Jackson, 4 Ib, 230; Hutchins v. McCown, 7 Por. 94; Rhodes v. Sherrod, 9 Ala. 63; Hall v. Alexander, Ib. 219; Caruthers et al v. Mardis's adm'r, 3 Ib. 599.

2. If the charge means, that the value of the slaves should be assessed to the amount of the claim due from the mortgagor to the mortgagee, the plaintiff, and that is the clear meaning of it, there is neither injustice nor error in it. Wright v. Spence, 1 Stew. 576. McGowan and wife v. Young, 2 Ib. 276; McGowan et al. v. Young, 2 S. &. P. 160.

DARGAN, J.—A mortgagee may bring detinue to recover chattels conveyed to him by way of mortgagee, nor can the mortgagor defeat his right of recovery, without showing the entire payment of the debt intended to be secured thereby; and if default has been made in the payment of the money by the mortgagor, the mortgagee may bring detinue to recover the possession, and the extent of the default is an immaterial inquiry. See 7 Ala. Rep. 807. The mortgagee, by the terms of his contract, is entitled to the goods as his security for his debt, and if they are withheld, and he sues, if his recovery in detinue should be limited to one chattel only, when two are mortgaged to him, because the one is supposed to be of value sufficient to satisfy his debt; his rights secured by the deed of mortgage, would be denied to him. After default therefore, in the payment of the money, if the mortgagee bring detinue against the mortgagor, or those claiming under him, neither he, or they, can gainsay the right of the mortgagee to recover all the goods conveyed by the deed.

From this view it results, that the court erred in permitting the record of the recovery against Gardner, of one of the slaves conveyed by the mortgage, to go to the jury as evidence to reduce the value of the slaves.

If the action had been trover, and the suit against the

mortgagor, or his assignees, according to the decisions of this court, the damages would have been, the amount of the mortgage debt, if the chattel was worth this amount.   See Mc-Gowan v. Young, 2 Stew. & P. 160; also, 6 Ala. R. 345. But it must be borne in mind, that in trover, the chattel is not recovered, but damages for its conversion; and when the damages assessed are paid, the title of the plaintiff is divested, and becomes vested in the defendant.   Hence, to limit the recovery to the amount due on the mortgage, does injustice to no one, for thereby the mortgagee recovers his debt, and the title of the mortgagor is restored to him.   But in detinue, the plaintiff seeks to recover the specific chattel, and when he obtains the possession by suit, his debt is not extinguished, nor is the equity of redemption lost, but in equity, the property would be considered still as a security for the debt.   The plaintiff, then, being entitled to recover the chattel, the jury should, in this action, assess the full value of the chattel, without any regard to the amount of the debt due on the mortgage.

The court therefore erred in charging the jury, that if the plaintiff was entitled to recover, the amount of the recovery should be limited to the amount due on the mortgage, by which we suppose was meant, that the value of the slaves should not be assessed to a larger amount than was due on the mortgage.   But it is contended, that even if the court erred in the charge, and also in permitting the recovery against Gardner to go to the jury as evidence, yet as there was testimony tending to impeach the mortgage deed for fraud, we are bound to presume, that the jury believed there was fraud in the mortgage, and rendered their verdict accordingly; and therefore the value of the slaves is, and was, an immaterial inquiry, and the cause cannot be reversed.

The rule of law is this.   The party complaining of error in the rendition of a judgment, must clearly show it; but if an error is shown to exist, then it devolves on the other party clearly to show, that such error did not, and could not have injured the plaintiff.

24

We cannot say that the ruling of the circuit court did not injure the plaintiff, and therefore the cause is reversed and remanded.