The only question raised on the trial was, whether the plaintiff had himself been guilty of negligence, and thereby contributed to the injury he sustained. This was a question of fact for the jury. (2 Am. Railway Cases *Page 381 
382; 3 Kern., 129; 13 Peters, 181.) This question was complicated with two others, viz: whether the alleged negligence of the plaintiff did not occur in an effort to extricate himself from the peril in which he was placed; and whether he was not placed in such peril by the negligence and carelessness of the defendant's servant. These questions were questions of fact for the jury; and there being evidence on both sides, and no misdirection of the judge who tried the cause, the Superior Court decided correctly in refusing a new trial. The judge who tried the cause would have erred if he had taken the cause from the jury and dismissed the plaintiff's complaint. (7 Cow., 202; 4Wend., 423; 7 Barb., 271.) I do not think that the provision of the Revised Statutes, in relation to the meeting of persons traveling with carriages on any turnpike road or public highway, applies to the meeting of carriages in the streets of a city (1R.S., 695, § 1, 1st ed.), and if it did, it does not appear in this case whether the east track of the defendant's railroad, on which the plaintiff was driving, lies east of the centre of the street.