WILLIAM BARKER AND ANOTHER *v.* THE HUDSON RIVER R. R. Co.

A railroad company which is permitted to lay its tracks through a public high-way, is not subject in the running of its cars to the ordinary law of the road. It has exclusive right of way to that portion of the highway occupied by the tracks, and a truck or cart passing along the highway must turn out of the-way for its cars, and the drivers of them cannot call upon the driver of the rail-road company's car to stop, or do any other act to avoid a collision, if the same result can be attained by their turning out.

The plaintiffs' truck was being driven along between the curbstone of the side-walk and the rail of defendants' track, and the driver saw defendants' car coming along drawn by horses, and another truck next to the curbstone and between himself and defendants' car, and seeing that there would not be sufficient room for the two trucks between defendants' car and the curbstone (he being then 60 or 70 yards distant from the car, and having plenty of room to turn out and cross to the other side of the street where he would be out of danger), called to the driver of the car to stop, which defendants' driver failed to do, and both continuing to proceed, plaintiffs' horse and truck were caught between the car and the truck next to the curbstone, and were injured; *Held,* that the plaintiffs could not recover.

APPEAL by the defendants from a judgment of the general term of the Marine Court, affirming a judgment entered on the verdict of a jury at trial term.

Action for negligence. The facts are stated in the opinion.

—————————, for appellants.

*Walter S. Poor,* for respondents.

BY THE COURT.[*]—ROBINSON, J.—It seems clear to me that the judgment appealed from in this case should be reversed. Defendants, a railroad corporation having legal authority, lo-cated and ran upon, railroad tracks in and through West street, in this city, consisting, at the place where the accident in ques-tion occurred, of two main tracks, and a side track on the west side of the street, between four and five feet from the curbstone. The easterly of the two main tracks is twelve or fourteen feet from the curbstone on that side of the street. On the day of

[*] Present, ROBINSON and LOEW, JJ.

the occurrence, plaintiffs' cartman was driving their horse and cart in a southerly direction along West street, and at the distance of sixty or seventy yards, saw a freight car of defendants' drawn by four horses, coming up on the easterly track, and also a cart loaded with pig iron coming up between that track and the curb, and fearing a collision, hailed the driver of the car to stop, but says his hail was disregarded, and adds, " I did not stop when I heard the other cart. I did not stop *because I had time enough to get away,* and because I was too near the other cart." He drove on and met the other cart (to the east of him) just as the freight car came along; the front truck of the car passed without injury, but the side of the car just before the middle door, struck or was struck by the cart or horse as the front wheel of the rear truck came along ; it ran over the foot of plaintiffs' horse, broke the harness and injured the cart. Each of the carts was eight feet wide, and there was not room enough between the railroad car and curb for them both to pass the car side by side. Plaintiffs' right of recovery must be founded in their showing the absence of any want of care on their part, and that the injury was occasioned by the neglect of the defendants. It was stated on the trial that the rail of the side track was a " peculiar one, and wagons could not go over it with safety ; " " neither carts or wagons ever use that side of the street in consequence ; " " it is impossible to do so without great danger of an upset ; " but as to the westerly main track, or the space between it and that side track, there does not appear to have been any such difficulty, or that it or the street between was obnoxious to any " danger of an upset," as was shown to pertain to the side track.

The front four wheels or truck of the freight car having passed the plaintiffs' cart and horse without injury, before the rear truck came along, something occurred by which the horse and cart were forced in upon the easterly rail as the car was passing, in consequence of which the horse's foot was caught under the front wheel of the rear truck and torn off, and other injury occasioned to the harness and cart. From these facts it is manifest that the injury arose from one or both of the carts continuing their course, in the attempt to crowd past each other,

in such a narrow and dangerous position, alongside of a passing freight car, whereby plaintiffs' horse and cart were thrown against the car and the injury complained of, inflicted, and I am unable to discover any ground for holding the defendants responsible for it. To expect them to stop their heavy freight car, upon the driver or manager being hallooed to, at the distance of 180 *or* 210 *feet*, or to require them to anticipate and guard against the difficulty the driver of the plaintiffs' cart alone apprehended, or that he, apprehending it, should still continue to face it, or that they should suppose he would not stop on the spot where he was safe, and could warn the other approaching cart, or that he should fail " to turn to the right " and drive over to the west of the easterly track, on to the main westerly track, or the portion of the street west of the track on which the freight car was approaching, were all unreasonable exactions. The plaintiffs' cartman was bound " to yield the track " to defendants' freight car, as the defendants had the right to its exclusive use, while their car was passing (*Hegan* v. *Eighth Av. R. R. Co.* 15 N. Y. 380). In the exercise of their own rights they were bound to such reasonable care to prevent the injury, as was at their immediate command, to avoid the apprehended difficulty. But they were authorized to rely on the presumption, that plaintiffs' cartman would act in accordance with their rights, and keep clear of their track so as to allow their car to pass, and as he saw the car coming when at such a remote distance, his neglect for all the time required for both vehicles, the car and cart, to come together, within the space of 180 or 200 feet, the apprehension of his neglecting to drive off the track could scarcely have been entertained by defendants' agents. " Still, if they offended in that respect, and the driver of a common carriage will negligently or wilfully place himself or remain on their path, he has no right to claim damages " (*Hegan* v. *Eighth Av. R. R. Co. supra*).

Plaintiffs' case seems at most to be founded upon an attempt to assert against the defendants the ordinary rules of " the law of the road," without regard to the special privileges and franchises which the Legislature have conferred on this

railroad corporation for the benefit of the public at large, although to the temporary inconvenience of individuals. This rule of equal rights and privileges is, in this respect, innovated upon, for what is deemed to be the public good; and plaintiffs' cartman was bound to have respected them, to have kept off at such safe distance from the track as to allow the car to pass. Instead of availing himself, however, of the long distance of time for choosing a safe position, "having (as he says) time enough," made no such attempt, but heedlessly drove on, and attempted to pass between the other cart and the car, when opposite each other, and, as it seems to me, not only contributed, but was mainly instrumental in producing the damage in question.

The judgment should be reversed.

Judgment reversed.

