JOHN WHITAKER, Respondent, *v.* THE EIGHTH AVENUE RAIL-
ROAD COMPANY, Appellant.

The provisions of title 13, chap. 20, part 1, of the Revised Statutes (1 R.
S., 695), entitled " Of the law of the road and the regulation of public
stages," are not applicable to street railways, and a street railway com-
pany is not liable under section 6 of said title for the willful act of one
of its employes. (GRAY, C., LOTT, Ch. C., concurring.)

In an action brought under said statute to recover damages for a willful
injury inflicted by a driver of defendant's carriage, the declarations of
the driver are not proper evidence against defendant unless it appear
affirmatively that they were made at the time the injury was inflicted.

(Argued September 20, 1872; decided January term, 1873.)

APPEAL from judgment of the Superior Court of the city
of New York in favor of plaintiff, entered upon an order
denying motion for a new trial, and directing judgment upon
a verdict. (Reported below, 5 Robt., 650)

This action was brought to recover damages for an injury
caused by the willful act of one of defendant's car drivers in
running one of its cars against him and throwing him into an
excavation by the side of the track.

The plaintiff, in opening his case, stated that the action
was brought to recover damages of the defendant for the
willful act of its driver in running against the plaintiff, where-
upon the defendant moved that the plaintiff's complaint be
dismissed upon the ground that the defendant was not liable
for the consequences of the act complained of, the same being
willful; but the judge held otherwise, and that the statute
making the owner of every carriage or vehicle used for the
transportation of persons running upon any public highway
liable for all damages done by the willful act of any
person in the employment of such owner as a driver; that the
defendant would be liable for the act complained of, and
denied the motion, to which ruling and decision the defend-
ant excepted, and the trial of the cause proceeded, and was
conducted throughout upon the theory that the defendant

was liable for the willful act of its car driver while running the car he was driving along the track of the defendant's road against the plaintiff while standing in the public highway, so near the defendant's track that the cars in passing came in contact with his person and caused him to fall into an excavation adjoining the track, and thus did him an injury, and in order to sustain the plaintiff's allegation of the driver's intention to do him an injury his counsel inquired of a witness who saw the collision whether after the car passed he heard the driver say anything, to which the witness answered "he was cursing, and said damn him, let him fall in and be killed." The defendant objected to receiving in evidence this declaration of the driver, made after the occurrence complained of; but the judge overruled the objection, holding that the declaration was a part of the transaction and therefore admissible, to which the defendant excepted. Upon the whole evidence the jury rendered a verdict in favor of the plaintiff against the defendant for $2,500. The exceptions taken were ordered to be heard in the first instance at the General Term.

*John M. Scribner, Jr.*, for the appellant. The provisions of title 13, chap. 20, part 1, § 6 of the Revised Statutes are not applicable to the facts of this case. (*Isaacs* v. *Third Ave. R. R. Co.*, 47 N. Y., 122; 1 R. S., 696; Reviser's notes, 3 R. S. [2d ed.], 560; 1 Redfield on Railways, 3; Ferry Leases & R. R. Grants, 173, etc.) The statute is in derogation of the common law and penal, and must be strictly construed. (*Milbred* v. *Lake Ont. R. R. Co.*, 9 How. Pr., 238; *Wood* v. *Donaldson*, 22 Wend., 395; *Steinmets* v. *Poudinot*, 3 Serg. & Rawle, 541; *McCluskey* v. *Cromwell*, 11 N. Y. [1 Kern.], 593; *Jones* v. *Estis*, 2 J. R., 379; *Plank-road Co.* v. *Robbins*, 22 Barb., 663; *Carpenter* v. *People*, 8 id., 605; Dwarris on Stat. [Potter's ed.], 194, note 3, 245 and notes, 690, 696;

*Chegary* v. *Mayor, etc.*, 13 N. Y., 220 ; Plowd. R., 205 ; 3 Bing., 193 ; *Watervliet T. Co.* v. *McKean*, 6 Hill, 620 ; 1 Kent's Com., 462 ; and auth. cited ; *Pillow* v. *Bushnell*, 5 Barb., 159 ; *Burnside* v. *Whitney*, 21 N. Y., 148 ; *Hegar* v. *Eighth Ave. R. R. Co.*, 15 id., 382 ; *Jackson* v. *Gilchrist*, 15 J. R., 116 ; *Constantine* v. *Van Winkle*, 6 Hill, 177 ; *Furman* v. *Mayor, etc.*, 5 Sand. 16.). Plaintiff's position was unlawful ; the car had the right of way. (2 R. S. [5th ed.], 689, § 53 ; *Hegar* v. *Eighth Ave. R. R. Co.*, 15 N. Y., 382 ; *Craig v. Roch, etc., R. R. Co.*, 39 id., 410 ; *Wilbrand* v. *Eighth Ave. R. R. Co.*, 3 Bosw., 314 ; Angell on Highways [2d ed.], 421, and auth. cited ; *Commonwealth* v. *Temple*, 14 Gray, 69.) A master is not liable for the willful mischief of his servant, though he is at the time, in other respects, engaged in the master's business. (1 Chit. Pl., 69 ; *McManus* v. *Cricket*, 1 East, 106 ; *Wright* v. *Wilcox*, 19 Wend., 343 and auth. cited ; *Vanderbilt* v. *Rich. T. Co.*, 2 Comst., 479 ; *Clark* v. *Met. B'k*, 3 Duer, 241 ; *Hibbard* v. *N. Y. & Erie R. R. Co.*, 15 N. Y., 467 ; *Mali* v. *Lord*, 39 id., 383 ; *Fraser* v. *Freeman*, 43 id., 566 ; *Isaacs* v. *Third Ave. R. R. Co.*, 47 id., 122 ; *Poulton* v. *Lond. & S. W. R. R. Co.*, 2 L. R. [Q. B.], 534 ; *Roe* v. *Birkenhead, etc., R. R. Co.*, 21 L. R. [Exch.], 9 ; *Lamb* v. *Palk*, 9 Car. & P., 629 ; *Weed* v. *Panama R. R. Co.*, 17 N. Y., 362 ; *Sanford* v. *Eighth Ave. R. R. Co.*, 23 id., 343 ; *Drew* v. *Sixth Ave. R. R. Co.*, 26 id., 49 ; *Higgins* v. *Watervliet T. Co.*, 46 id., 23.) Declarations of the driver were inadmissible against defendant. (*Luby* v. *H. R. R. R. Co.*, 17 N. Y., 131.)

*John Townshend for the respondent.* This action was for an intentional trespass, and the principle of concurrent negligence is not applicable. (*Sanford* v. *Eighth Ave. R. R.*, 23 N. Y., 346.) Plaintiff had a right to stand where he stood at the time of the accident. (*Bass* v. *Litton*, 5 C. & P., 407 ; Ang. on Highways, §§ 2, 4, 24, 26, 333 ; *Rex* v. *Severn & W. R.*, 2 Barn. & Ald., 646.) This case is clearly within the provisions of the Revised Statutes.

(1 R. S., 695, 696; Hayden's Dic. of Dates, tit. Railroad, Tramroad; Appleton's Cyclopedia, tit. Railroad; Potter on Stat., 184, n. 247; *Olcott* v. *Tioga R. R. Co.*, 20 N. Y., 210, 223; *Fitch* v. *Livingston*, 4 Sandf., 506; *Tisdale* v. *Combe*, 7 A. & E., 788; *Attorney-General* v. *Saggers*, 1 Price, 195; *Pratt* v. *Fraser*, 3 Camp., 14.) Declarations of the driver at the time of the occurrence were part of *res gestæ* and proper. (*Cheeseborough* v. *Taylor*, 12 Abb. Pr., 227; *Stephens* v. *People*, 4 Park. Cr., 396; *Fry* v. *Bennett*, 3 Bosw., 200; *Kasson* v. *Mills*, 8 How. Pr., 381; *Brehn* v. *G. W. R. R.* 34 Barb., 256; 1 Greenl. Ev., § 123; *Haupt* v. *Puhlman*, 16 Abb. Pr., 307.) Defendant was liable for its driver's acts, although wrongful. (*Higgins* v. *Watervliet, T. and R. R. Co.*, 46 N. Y., 23; Fraser on Master & Servant [2d ed.], 149–192; *Isaac* v. *Third Ave. R. R. Co.*, 47 N. Y., 122.)

GRAY, C. At common law the liability of the owner of a vehicle, used for the transportation of persons for injuries resulting from the acts of his driver, extends to those injuries only which result from the driver's misjudgment or negligence while engaged for the owner in his vocation as a driver. (*Wright* v. *Wilcox*, 19 Wend., 344, 345; *Hibbard* v. *The N. Y. and E. R. R. Co.*, 15 N. Y. R., 467; *Mali* v. *Lord*, 39 id., 383; *Fraser* v. *Freeman*, 43 id., 566; *Isaacs* v. *Third Avenue R. R. Co.*, 47 N. Y., 122.) The theory upon which this action was brought and tried cannot be upheld, unless it is within the act entitled "Of the law of the road and the regulation of public stages" (3 R. S., 3d ed., 965, §§ 6, 7), making the owner of every vehicle running upon any public highway, for the transportation of persons, liable for all damages occasioned by the willful act of any one in his employ as a driver of such vehicle while driving the same; and this presents the question whether the road traversed by the defendant's cars was a public highway. The act referred to is but a compilation, in 1830, of the substance of previous acts, and applies in all its provisions to the whole road, and was intended to regulate

the conduct of those who can and have the right, under the regulations prescribed by it, to use any part of the road; and was passed long before any street railway was chartered in this State. Street railways were, it is true, within bounds of public highways; but that portion of the public highway upon which the track is authorized to be laid is necessarily so set apart for the exclusive use of the owner of the car and the track as not to permit any one of the public, in passing over the highway, to interfere with the running of such car, or with the track upon which it is run, to the unnecessary hindrance of the business of its owner. (*Hegan* v. *Eighth Av. R. R. Co.*, 15 N. Y., 380, 382.) The first section of the act relied upon demonstrates its inapplicability to street railways, and to the drivers of cars upon them. It requires carriages meeting upon a public highway to turn to the right of its center; a regulation very difficult, if not quite impossible, to be complied with by the driver of a street car. It is true, also, that every railway for the transportation of persons is for public use. It is, nevertheless, the private property of its owner; and although the highway over which it passes remains a public highway, consistent with the unimpaired use of the railway, the railway itself is, notwithstanding, in the uses for which it was constructed, a private road for the accommodation of the public and the profit of its owners, upon which no one but its owners have the right to run a car. Such a road could not have been in contemplation of the framers of the act referred to, and is manifestly not a public highway within its meaning. There is another respect in which the court erred. Conceding the act of the driver to have been a wanton act, and that the defendant should be responsible for its consequences, it being an act for which no fault could be imputed to the defendant, the evidence to establish it should be such as the party seeking to establish it is clearly entitled. While one is engaged in an act, and the intention with which he is acting is a proper subject of inquiry, his declarations, made at the time, may be given in evidence to characterize the act. The declarations received in evidence were not

made at the time of the act complained of, but after the driver, with his car, had passed the place of the collision. It did not appear whether it was at the moment the car passed or how long afterward. It is enough, where the object is to visit the consequences of a wanton act upon a party who, for aught that appears, believed its driver to be free from the wantonness imputed to him, that it did not appear affirmatively that the declarations were made when they could properly be regarded as made at the time the injury was inflicted. (*Luby* v. *The Hudson R. R. R. Co.*, 17 N. Y., 131, 133.)

I am, therefore, of opinion that each exception was well taken, and that the judgment appealed from should be reversed, and new trial ordered, costs to abide event.

All concur in last ground discussed in opinion. LOTT, Ch. C., concurs in the whole opinion.

. Judgment reversed.