MARY SHEA *against* THE SIXTH AVENUE RAILROAD COMPANY.

Where plaintiff, for the purpose of crossing the street, stepped upon the platform of defendant's street car, to pass over the same, and the driver of the car willfully seized and threw her from the car, whereby she was injured: *Held*, the defendant was liable.

APPEAL by plaintiff from a judgment of this court, entered on an order at special term sustaining a demurrer to the complaint.

The material averments of the complaint are stated in the opinion.

*O. P. Buel*, for appellant, argued that defendants' car was a " vehicle " within 1 R. S. 696, §§ 6, 7.

*Waldo Hutchins*, for respondent. The complaint shows that the plaintiff was not a passenger, but that while walking upon the public highway she was violently assaulted by a person in the employment of the defendants, and injured. The defendant could only be held liable for such an assault,

·when made by its agent upon a passenger, and in that event only when the court can see that it was made in the discharge of his duty as such agent (*Isaacs* v. *Third Ave. R. R. Co.* 47 N. Y. 122 ; *Whittaker* v. *Eighth Ave. R. R. Co.* 51 N. Y. 295 ;. *Fraser* v. *Freeman*, 43 N. Y. 566).

J. F. DALY, J.—It will not be necessary to examine the question, whether city railroads are embraced within the provision of the statute which makes the owners of certain vehicles for carrying passengers on the public highways liable for the willful acts of the drivers of such vehicles, while driving (1 R.. S. 696, sections 6 and 7 ; *Whittaker* v. *Eighth Ave. R. R. Co.* 51 N. Y. 295 ; *Isaacs* v. *Third Ave. R. R. Co.* 47 N. Y. 122), in order to decide upon the sufficiency of the complaint.   The allegations of the complaint show : " That on or about the 13th day of March, 1873, one of the cars or vehicles of defendant was standing at the corner of Barclay street and Church street, in said city, which said streets are public highways, in such a position as to block up the passage across said Church street ; that the plaintiff was desirous of crossing said street, and for that purpose stepped upon the front platform of said car or vehicle, for the purpose of passing over the same ; that thereupon the driver of said car or vehicle, who was then the servant and agent and in the employment of the defendant, and engaged in driving such car or vehicle, forcibly, willfully and violently seized the plaintiff and threw her from the said car or vehicle upon the said highway, in consequence of which the plaintiff's leg was wounded, injured, broken and fractured in several places, and the plaintiff was otherwise severely bruised and injured," &c.

From the above averments, it is not clear that defendants are not responsible for the assault of their driver on the plaintiff, since the act may well have been done in the course of his employment.   The plaintiff had no right to step upon the platform of the car, in order to pass over it to gain the other side of the street, as she attempted to do.   The public can use the street cars only for the purpose of being carried as passengers, on the payment of fare.   Any other attempted use, and

any stepping on the car, would be a trespass, and the defendant's servants have the right to prevent it, or to remove from the platforms any person stepping thereon for any purpose, except to ride as a passenger. The conductor has the right to remove passengers for non-payment of fare, or for being disorderly, and to effect such removal by force (*Sandford* v. *Eighth Ave. R. R. Co.* 23 N. Y. 343; *Higgins* v. *Watervliet Turnpike Co.* 46 N. Y. 23), and there is as much right to eject a person who steps upon the platform with no intention of riding as a passenger. That the car blocked up the street crossing is no excuse for the act any more than it would be to walk over the vehicle full of goods of a carrier of goods, or to walk through the defendant's car from the front platform to the back, for greater convenience in making the passage of the street.

If this be so, the act of the driver in ejecting the plaintiff would be lawful, but in view of the charge of the complaint, that he " violently and forcibly seized the plaintiff and threw her from the car," breaking her leg and otherwise severely injuring her, the question arises as whether there was not the exercise of such unnecessary force and violence as renders the defendants responsible. The doctrine that the master is liable for the unusual and unnecessary force and violence used by his servant in cases where the use of force is authorized and within the scope of the servant's employment, is as well settled as that the master is not liable for assaults by his servant outside the line of his duty, and very late cases in the Court of Appeals sustain the doctrine in extreme cases. Thus where a conductor removing a passenger for non-payment of fare, struck the latter a blow in the face, and an action was brought against the railroad company for the assault, the decision of the judge, dismissing the complaint, was reversed, because it should have been left to the jury to say if the act of the conductor was malicious, or only deemed by him necessary to effect the purpose with which he thought himself charged in the proper performance of his duty (*Jackson* v. *Second Avenue R. R. Co.* 47 N. Y. 275). And in that and prior cases, the general doctrine is held that the master is liable for the consequences of the excess of zeal or temper with which the serv-

ant performs the duty with which he is charged (*Higgins* v. *Watervliet Turnpike Co. supra*; *Sanford* v. *Eighth Avenue R. R. Co. supra*, and cases cited).

This case is to be distinguished from *Isaacs* v. *Third Ave. R. R. Co.* (47 N. Y. 122), where the conductor threw a passenger from the platform of the car, as she stood there waiting for the car to stop, in order to alight. In that case no process of reasoning could construe the act of the conductor into any resemblance to an act performed in the scope of employment or under authority. In the present case, we have the plaintiff unlawfully stepping on the platform, and the driver ejecting her. The presumption is, that he was acting under authority and instructions. The demurrer concedes the truth of the allegation, that the driver was " then the servant and agent, and in the employment of defendant, and engaged in driving such car," when he seized the plaintiff and threw her from the car. It would be proper, on the trial, to prove that he was, and it might be done, for instance, in showing a rule of the company (as I have repeatedly seen), forbidding passengers to get on or off the front platform of the car. It will be seen that the complaint does not charge that the act was done maliciously, which would have exonerated defendants, but " willfully," forcibly, and violently. Willfully is here used in the sense of intentionally, and is legally applicable to an act knowingly done by a servant in the discharge of a supposed duty, and does not imply any personal ill will, making the assault the driver's and not the company's. If the allegations in the complaint were proved, it would require these questions to be left to the jury: 1st. Was the act of the driver within the scope of his employment? 2d. If it was lawful, was excessive force used to accomplish it? A dismissal of the complaint would be improper, and a demurrer to the complaint cannot therefore be sustained.

It does not appear that these considerations were presented to the learned judge at special term, who sustained the demurrer, but that the plaintiff relied upon the statute above cited (1 R. S. 696, §§ 6 and 7), and in view of the expression of opinion in the Court of Appeals (47 N. Y. 122), and in the

mission of Appeals (51 N. Y. 298), that that statute was t applicable to city railroad cars, the judge so held.

DALY, Ch. J., and ROBINSON, J., concurred.

Judgment and order appealed from reversed, and demurrer overruled, with leave to defendants to answer in twenty days on payment of costs.