WILLIAM J. HOYT, Executor, etc., Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

A car upon defendant's road, in which G., plaintiff's testator, was a passenger, was thrown from the track, in consequence of a broken rail, and G. was injured. In an action to recover damages, the question was, whether the rail was defective or had been maliciously cut by some unknown person. A witness, called by defendant, who testified that, during the period of twenty years, he had visited "dozens of railroad accidents," and had examined, for the purpose of reporting for a newspaper, the probable cause, was asked whether he had arrived at any conclusion as to the cause of the breaking of the rail in question. *Held*, that it did not appear that the witness was qualified to give his opinion as an expert, and that the evidence was properly excluded.

(Argued May 7, 1874; decided September term, 1874.)

THIS was an action to recover damages for injuries received by plaintiff's testator while a passenger upon defendant's road. The car in which he was riding was thrown from the track in consequence of a broken rail. The principal question litigated was, whether the rail was defective or was cut maliciously by some unknown person.

Upon the trial, defendant called as a witness an editor of the New York Sun, who visited the scene of the accident for

the purpose of reporting it. He testified that, during a period of twenty years, he had visited "dozens of railroad accidents," and had examined them for the purpose of reporting the probable cause. He was asked to state to the jury whether he had arrived at any conclusion as to the cause of the breaking of the rail in question. This was objected to and excluded. *Held*, no error, as above.

At the close of the evidence defendant's counsel presented some twelve distinct propositions, upon which he requested the court to charge; among others: "That if the accident was occasioned by the willful or malicious act of a stranger, in cutting the rail, the defendant is not liable." The court then delivered his charge, among other things saying, that defendant insisted that the accident resulted from the act of some malicious person, and he left it to them to find whether it was thus occasioned, or by the negligence of defendant. No exception was made to the charge. At its conclusion, defendant's counsel asked what disposition was made of the requests to charge. The court refused the requests, save so far as it had already charged. The counsel, as the case states, "duly and separately excepted to each refusal to charge as requested in each of such requests." *Held*, that the charge was, in substance, as requested, but that the exceptions were insufficient to raise any question. (*Walsh* v. *Kelly*, 40 N. Y., 556; *Ayrault* v. *Pacific Bank*, 47 id., 570.)

*William A. Beach* for the appellant.

*Charles M. Da Costa* for the respondent.

REYNOLDS, C., reads for affirmance.
All concur.
Judgment affirmed.