Ohio and Mississippi Railway Company

*v.*

Alfred Porter.

1. Evidence—*declarations made by servant—whether admissible against the master.* Where a railway company directed its servants to set fire to the dry grass, weeds, and other combustible material which had accumulated on the right of way, and in the carrying out of such orders the fire spread to the premises of an adjacent owner and destroyed his property, it was held, in a suit to recover for the damage thus occasioned, that any statements made by the company's servants while engaged in the performance of the act, concerning the same, were admissible in evidence against the company, as a part of the *res gestæ.*

2. So, in such a suit it was held proper to ask a witness what any of the men in the employment of and then at work for defendant, said to him;—the question eliciting this answer: "He said, 'we set the fire out to burn the grass on the right of way, and it got away from us.' He was putting out the fire. Know he was employed and worked on railroad."

3. Negligence—*comparative.* In an action to recover for an injury alleged to have resulted from the negligence of the defendant, an instruction that the jury can not find for the plaintiff unless they "believe from the evidence that the injury complained of was caused by the negligence of defendant, and the plaintiff was without fault," is stronger than the law will justify, as ignoring the doctrine of comparative negligence.

4. Instruction *construed, as to whether it usurps the province of the jury.* In a suit to recover for injury resulting from fire communicated from the right of way of a railroad company, where it was set by the servants of the com-

pany, and by its direction, the jury were instructed: "If you believe, from the evidence, the servants of the defendant, for the purpose of clearing and freeing its right of way from dry grass, weeds and combustible matter, where the same run through the lands of the plaintiff, put out fire on a day when the wind was high, and, in consequence of such high wind, such fire escaped from such servants without the negligence or fault of plaintiff, and from such right of way to and upon the lands of the plaintiff, and burned plaintiff's apple trees and destroyed or damaged same, then the defendant is liable to such damage as the plaintiff may have sustained in consequence of such fire:" *Held*, the instruction was not obnoxious to the objection that it took from the jury the question of negligence which it was their province to pass upon and determine. From the facts supposed, the jury would have the right to find the company guilty of negligence.

5. Same—*as to leaving jury to judge of effect of the pleadings.* An instruction which tells the jury if the plaintiff has made out his case as laid in his declaration they must find for the plaintiff, is not liable to the objection that it makes the jury the judges of the effect of the averments in the declaration;—it merely empowers them to determine whether the proof introduced sustains the averments made in the pleadings, which they may well do.

Appeal from the Circuit Court of Clinton county; the Hon. Amos Watts, Judge, presiding.

Mr. Charles A. Beecher, Mr. R. P. Hanna, Mr. G. Van Hoorebeke, and Mr. B. B. Smith, for the appellant.

Mr. Henry C. Goodnow, and Mr. Silas L. Bryan, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on the case, brought by Alfred Porter against the Ohio and Mississippi Railway Company, to recover the value of certain apple trees destroyed by fire, which, as alleged, was set on defendant's right of way by its servants and through their negligence permitted to extend upon and over the adjoining premises of the plaintiff. On a trial in the circuit court, before a jury, the plaintiff obtained a verdict and judgment for the value of the property destroyed, and defendant appealed. On the trial the witness Hall was asked the following question: "State what any one of the men in the employment of and then at work for defendant said to

you?" Against the objection of the defendant he answered as follows: "He said, 'we set the fire out to burn the grass on the right of way and it got away from us;' he was putting out fire; know he was employed and worked on railroad."

The decision of the court in the admission of this evidence is relied upon as error. The person who made this statement had been sent with others by defendant to burn the dry grass, weeds and other combustible material which had accumulated on the right of way, and while still engaged in the performance of the act which they were directed to do, the declaration was made. The statement thus made can not be regarded as hearsay evidence, but it was a part of the *res gestæ*, and upon this ground admissible. The man who made the statement was sent by the defendant to do certain work on the right of way; there can be no doubt that his acts in the performance of the duty enjoined upon him would be binding on the company, and what was said at the time, as well as what was done, must also be held to be competent. The declaration was but a part of the transaction, and if it was competent to prove what these servants of the road did, which is not disputed, upon the same principle what was at the time said was competent evidence. Wharton's Evidence, secs. 262 and 263.

It is next urged that the court erred in refusing defendant's seventh instruction, which, in substance, directed the jury that no recovery could be had if the loss was as much the fault of plaintiff as defendant. It may be true that where both parties are equally in fault no recovery can be had, but as the court had already, on the request of the defendant, fully instructed the jury on this question, we perceive no useful purpose the instruction could serve. The instruction No. 4, previously given, read as follows: "You can not find defendant guilty unless you believe from the evidence that the injury complained of was caused by the negligence of defendant, and the plaintiff was without fault." Under this instruction the plaintiff could not recover unless he was entirely free from fault; it was much more favorable to the defendant than the one

refused. Indeed, it was stronger than the law would justify, as it ignored the doctrine of comparative negligence. But the defendant had the full benefit of the instruction before the jury, and he ought not now to complain that one less mild in terms was refused.

It is next contended that the court erred in giving plaintiff's instruction No. 4, as follows: "It was the duty of the defendant, in clearing off and freeing its right of way of dry grass, weeds and combustible matter, to so do it as not to injure plaintiff's property; and if you believe, from the evidence, the servants of the defendant, for the purpose of clearing and freeing its right of way from dry grass, weeds and combustible matter, where the same run through the lands of the plaintiff, put out fire on a day when the wind was high, and, in consequence of such high wind, such fire escaped from such servants without the negligence or fault of plaintiff, and from such right of way to and upon the lands of the plaintiff, and burned plaintiff's apple trees and destroyed or damaged the same, then the defendant is liable to such damage as the plaintiff may have sustained in consequence of such fire."

The first part of the instruction merely announces the well understood principle that a person is bound to use his property in such a way as not to injure others, and we fail to see how this could mislead the jury. The railroad company had the right and it was its duty to clear its right of way of dry grass and weeds, but in the exercise of this right due regard must be had to the protection of property along the line of the road belonging to others.

The other portion of the instruction, it is contended, takes away from the jury the question of negligence, which it was their province to pass upon and determine. We do not so understand the language used. If the plaintiff in the use of his property was free from negligence, and the servants of defendant put out fire on its right of way when the wind was high and suffered the fire to escape and spread over the land of the plaintiff and destroy his property, from such facts the jury

had the right to find that the railroad company was guilty of negligence.    This, as we understand it, is the substance of the instruction.

It is true, if due care had been used by the defendant in burning off its right of way and notwithstanding such care damage had been done, perhaps the railroad company would not have been liable. But this principle was fully and clearly announced in the first and fourth instructions given by the court in behalf of the defendant. If, therefore, the instruction under consideration was subject to criticism when standing alone, it could not be so regarded when considered in connection with the other two instructions.

The fifth instruction given for the plaintiff is objected to because it tells the jury if the plaintiff has made out his case as laid in his declaration, they must find for the plaintiff. We do not understand that an instruction of this character makes the jury the judges of the effect of the averments of the declaration, as contended in the argument, but it merely empowers them to determine whether the proof introduced sustains the issues made by the pleadings in the case, and this is clearly within their province.

We perceive no substantial error in the record, and the judgment will be affirmed.

*Judgment affirmed.*