By the Court.
Truax, J.
The alleged errors consist in the court’s refusal to set aside the verdict on the ground that the damages were excessive, and to charge the following i*equests :
(1.) “The defendant owed the plaintiff no duty except that of ordinary care in the driving óf its car, and in this respect no greater care is required of the driver of a car than of the driver of an ordinary vehicle in the streets of the city.”
*467 (2.) “'It was the plaintiff’s duty to take care not to impede or to interfere with the car, and in as much as the defendant’s cars are for the public use, their right to run upon the street at the particular time and place they are about to pass, is paramount to that of ordinary vehicles.”
(3.) “The driver of the defendant’s car had the right to proceed upon the assumption and belief that the plaintiff would not interfere with the car, and that he would take care to be out of its way in season to give the car a free and uninterrupted passage.”
(4.) “If any neglect or carelessness on the part of the plaintiff contributed in any degree to create the accident,' the verdict must be in favor of the defendant, even if the defendant’s driver may have been negligent.”
(5.) “ The burden of proof is upon the plaintiff to show, affirmatively that the accident complained of was occasioned solely by the defendant’s negligence, and that his own negligence, or his failure to exercise the care required by law, did not contribute in any manner in any degree to produce the collision.”
There were, also, it is alleged, errors in the admission of testimony.
The verdict was not excessive. The evidence is that the plaintiff suffered a great deal of pain, and that he was confined to his room five or six weeks ; besides, he was compelled to hire two men to whom he paid $135 to take his place, and his bill to the doctor w'as $35. He also paid $70 for repairing the wagon that was injured in the collision. These repairs form part of the injury or damage that the plaintiff sustained in the collision, and it was not error to admit evidence in reference to them.
The important questions in the case arise on the refusal to charge as requested. Three requests, the first, fourth and fifth, were charged in substance. This is all that the law requires. The court charged that the defendant was not liable provided its driver exercised the care and caution that ordinarily prudent persons exercise under like circumstances. That is in substance saying, that no *468 more care and caution was required of the defendant’s driver than is required from the driver of . an ordinary vehicle in the streets of the city. All that the court required of the defendant’s driver was ordinary care. The court also charged that the negligence of the car driver must be the sole cause of the accident, and if any negligence of the plaintiff, no matter how slight, contributed to the result, he could not recover. The jury were also told that the plaintiff must establish these facts by a fair preponderance of the evidence in order to entitle him to recover ; and that if he failed to satisfy them by a fair preponderance of the evidence on these points, he could not recover. This charge was as favorable to the defendant as he was entitled to.
The appellant contends that the trial judge erred in failing to recognize the principle that the right of a car for the carriage of passengers is superior to that of ordinary vehicles. This point was raised by the failure o°f the court to charge the second and third requests. The trial judge did charge, however, that the railroad company had a right to drive its cars over the track, and, because it was confined to the track, other people were bound to keep the track clear as far as they could, and the railroad company was not liable for the accident, provided it exercised the care and caution that ordinarily prudent persons would exercise under like circumstances. This was all that the defendant was entitled to.
The rule contended for by the defendant would absolve one of its drivers from exercising any care or caution in a case like the one now before us. It means, no matter what the position of the person on the track is, the driver has a right to assume that he will get out of the way of the car, and to run over him if he does not get out of the way. That is not the law of this state. Everybody knows that a car is confined to the track, and for that reason the degree of care and caution to be used by a person while on or crossing a track is increased over that to be used while crossing a street in which there is no track; that is, the degree of *469 care and caution to be used is always to be measured by the danger likely to be encountered. But, while the law requires greater care and caution in a person crossing a track, it also requires the driver to use such care as, considering the circumstances, can reasonably be used (Hegan v. 8th Ave. R. R. Co., 15 N. Y. 380). He must proceed at a reasonable and lawful rate of speed. He must not move at a rate of speed faster than that ordinarily reached by horses drawing loads of passengers (Adolph v. Central Park, &c. R. R, Co., 76 N. Y. 530). He must not proceed when it is obvious that his doing so will result in an accident (Cohen v. Dry Dock, &c. R. R., 40 Super. CtZ. 368 ; affirmed, 69 N. Y. 170).
It is true that it was said in Adolph v. Central Park, &c. R. R. Co. (supra), that the railroad company has the exclusive right to any part of the track over which at the time its horses and car are passing or are just about to pass, and all others then upon it there are bound to leave it then and there to the unrestricted use of the company ; but this remark was made in reference to a driver of a wagon on the track ahead of the car and who did not get off the track when told to do so. It means that the driver of the wagon had no- right to stay on the track and thus prevent the car that was behind him from passing.
We have considered the questions that arise upon these exceptions taken to the refusal to charge as though there had been a valid exception to the refusal, although, in fact, there is no such exception. The exception is in these words, and is at the close of the case : “ I except specifically to the omission and .refusal to charge each of the other requests presented.” It has frequently been held that that is not a valid exception (Hoyt v. Long Island R. R. Co., 57 N. Y. 678 ; Ayrault v. Pacific Bank, 47 Ib. 570 ; Smedis v. B. & R. B. R. R. Co., 88 Ib 13).
Judgment and order appealed from are affirmed, with costs.
Sedgwioic, Ch. J., and O’Gorman, J., concurred.