## City Court.

*General Term— October, 1886.*

## JOHN J. SCHMITT, Respondent, *against* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

Negligence must be determined by what was known before and at the time of the accident, and not by subsequent facts ; in other words, it must be decided upon the facts as they existed at the time of the injury. Special damages must be alleged as well as proved.

Appeal from judgment entered on verdict of the jury in favor of the plaintiff.

*J. M. Scribner*, for appellant.

*Charles Miehling*, for respondent.

McAdam, Ch. J.—The action was brought to recover damages for injuries received while the plaintiff was on one of the defendant's cars, as the result, it is charged of the defendant's negligence. The case was tried on conflicting evidence, and we are not disposed to disturb the verdict, which is moderate in amount, unless some error was committed on the trial to the defendant's prejudice, which necessitates a new trial. The plaintiff claims in his complaint that in consequence of the injuries his clothing was " saturated with blood." This is the only allegation of special damage to clothing, and yet upon the trial the plaintiff was permitted (under objection and exception) to testify that his clothing was " cut " so that he could not wear it, and that it was worth $25, or, in his own language, " he would not have taken $25 for it." This was error. Damages which are not the immediate and natural consequences of an unlawful act, or which the law will presume necessarily to flow from it, must be specially stated in the complaint, or the plaintiff will not be allowed to go into evidence to prove such items of damage (Moloney *v.* Dows, 15 *How. Pr.* 265 ; 2 *Sedgw. Dam.* 7 ed. 608, note). The " cutting " of clothing cannot be proved under an allegation that it was " saturated," nor was the method of proving the damage competent.

(2.) The plaintiff was also allowed to prove (under objection and exception) that his doctor sent him a bill for $50. There was no proof that the bill had been paid, or that the services were worth the amount charged. The bill was thereafter received in evidence under objection

and exception. This was error. The plaintiff could only recover so much as he had paid or was actually bound to pay the doctor for his services (Drinkwater v. Dinsmore, 80 N. Y. 393). The plaintiff paid nothing, and the bill was not *per se* evidence of what he was legally bound to pay. Damages, to be recoverable, must be proved according to legal principles.

(3.) There was evidence offered by the plaintiff tending to show that the day after the accident the defendant discharged the driver of the car on which the accident happened. The testimony was admitted under exception. This was error. Evidence tending to prove that alterations have been made or precautions taken after an accident, which, if previously done, might have obviated it, is incompetent (Dougan v. Champlain Trans. Co., 56 N. Y. 8; Dale v D., L. & W. R. R. Co., 73 Id. 468 ; Payne v. Troy & Boston R. R. Co., 9 Hun, 526). Negligence is to be determined by what was known before and at the time of the accident, and not by subsequent facts. In other words, the question whether a defendant is guilty of negligence must be decided upon the facts as they existed at the time of the injury.

The circumstance that the defendant discharged the driver after the accident for prudential or other reasons does not militate against the defendant, as his discharge had no more tendency to prove negligence on the day of the accident than his continued employment by the defendant would have disproved negligence. The reasons which influenced the driver's discharge were not within the issue on the trial, and, however satisfactory to the defendant, were immaterial and incompetent as evidence either for or against the defendant. The testimony improperly admitted may have influenced the jury, and whether it did or not the inference is that it had an effect prejudicial to the defendant (Green. v. White, 37 N. Y. 405 ; Stokes v. People, 53 Id. 180, and kindred cases). For these reasons, the judgment must be reversed and a

new trial granted, with costs to the appellant to abide the event.

NEHRBAS, J., concurred.

### Appellant Presumably Injured by Error.

If error is shown, and, in any aspect it may possibly have, it injured the defendant, he is not required to show how, or to what extent he was prejudiced. The existence of the error establishes his claim to relief. To warrant sustaining an erroneous decision on the ground that the error was harmless, the respondent must show that the error did not, and could have affected the appellant's rights (Greene v. White, 37 N. Y. 405. To same effect, see Union Bank v. Mott, 39 Barb. 180). Where the appellant shows error, the presumption is that he has been prejudiced by it, and if the respondent claims the contrary, it is incumbent on him to see that the record discloses such fact (Morrison v. Judge, 14 Ala. 182 ; Exp. Keenan, 21 Ala. 558 ; Thomas v. De Graffenreid, 27 Ala. 651 ; Buford v. Gould, 35 Ala. 265 ; Jackson v. Feather River Co., 14 Cal. 18 ; Norwood v. Renfield, 30 Cal. 393). Where there is error in the charge of a judge, which is excepted to, there must be venire de novo, unless the respondent can show conclusively, from the record, that the error can not in any wise have affected the verdict (State v. Patten, 13 Ired. L. 421 ; Wiley v. Givens, 6 Gratt. 277). The supreme court of the United States, in Vicksburgh R. R. Co. v. O'Brien (22 Reporter, 770), said : "While this court will not disturb a judgment for an error that did not operate to the substantial injury of the party against whom it was committed, it is settled that a reversal will be directed unless it appears, beyond doubt, that the error complained of did not and could not have prejudiced the rights of the party " (citing Smiths v. Shoemaker, 17 Wall. 630, 639 ; Deery v. Cray, 5 Id. 795 ; Moores v. Nat. Bk., 104 U. S. 625 ; Gilmer v. Higley, 110 Id. 50. See cases upon the subject collated in Baylies New Trials, 177).

### Admissions of Agent, when Competent.

The admission or declaration of an agent binds the principal only when it is made during the continuance of the agency in regard to a transaction then depending et dum fervet opus. It is because it is a verbal act and part of the res gestæ that it is admissible at all ; and, therefore, it is not necessary to call the agent to prove it but wherever what he did is admissible in evidence, there it is competent

Schmitt *v.* Dry Dock, &c. R. R. Co.

to prove what he said about the act while he was doing it (1 *Greenl. Ev.* § 113). The court had occasion, in Packet Co. *v.* Clough, 20 *Wall.* 528, to consider this question, referring to the rule, as stated by Mr. Justice STORY, in his Treatise on Agency, § 134, that "where the acts of the agent will bind the principal, there his representations, declarations and admissions respecting the subject matter will also bind him, if made at the same time and constituting part of the *res gestœ.*" The court said : " A close attention to this rule, which is of universal acceptance, will solve almost every difficulty. But an act done by an agent cannot be varied, qualified or explained, either by his declarations, which amount to no more than a mere narrative of a past occurrence, or by an isolated conversation held, or an isolated act done, at a later period. The reason is, that the agent to do the act is not authorized to narrate what he had done, or how he had done it, and his declaration is no part of the *res gestœ.*" Following this line of argument, the supreme court of the United States (in Vicksburgh R. R. Co. *v.* O'Brien, 22 *Reporter*, 771), said : " We are of opinion that the declaration of the engineer Herbert to the witness Roach was not competent against the defendant for the purpose of proving the rate of speed at which the train was moving at the time of the accident. It is true that, in view of the engineer's experience and position, his statements under oath as a witness in respect to that matter, if credited, would have influence with the jury. Although the speed of the train was, in some degree, subject to his control, still his authority in that respect did not carry with it authority to make declarations or admissions at a subsequent time, as to the manner in which on any particular trip, or at any designated point in his route, he had performed his duty. His declaration, after he accident had become a completed fact, and when he was not performing the duties of engineer, that the train, at the moment the plaintiff was injured, was being run at the rate of eighteen miles an hour, was not explanatory of anything in which he was then engaged. It did not accompany the act from which the injuries in question arose. It was, in its essence, the mere narration of a past occurrence not a part of the *res gestœ*—simply an assertion or representation, in the course of conversation, as to a matter not then pending, and in respect to which his authority as engineer had been fully exerted. It is not to be deemed part of the *res gestœ*, simply because of the brief period intervening between the accident and the making of the declaration. The fact remains that the occurrence had ended when the declaration in question was made, and the engineer was not in the act of doing anything that could possibly affect it. If his declaration had been made the next day after the accident, it would scarcely

be claimed that it was admissible evidence against the company. And yet the circumstance that it was made between ten and thirty minutes—an appreciable period of time—after the accident, cannot upon principle, make this case an exception to the general rule. If the contrary view should be maintained, it would follow that the declaration of the engineer, if favorable to the company, would have been admissible on its behalf as part of the *res gestœ*, without calling him as a witness—a proposition that will find no support in the law of evidence. The cases have gone far enough in the admission of the subsequent declarations of agents as evidence against their principals. These views are fully sustained by adjudications in the highest courts of the State." Citing Luby v. Hudson R. R., Co., 17 *N. Y.* 131 ; Penn. R. R. Co., 57 *Penn. St.* 343; Dietrick v. B. & H. R. R. Co., 58 *Md.* 347, 355 ; Lane v. Bryant, 9 *Gray*, 245 ; C. B. & Q. R. R. Co. v. Riddle, 60 *Ill.* 535 ; V. & T. R. R. Co. v. Sayers, 26 *Gratt.* 351 ; C. & N. W. R. R. Co. v. Fillmore, 57 *Ill.* 266 ; Mich. C. R. R. Co. v. Coleman, 28 *Mich.* 446 ; Mobile & W. R. R. Co. v. Aschraft, 48 *Ala.* 30 ; B. R. W. Co. v. Hunter, 33 *Ind.* 354 ; Adams v. H. & S. J. R. R. Co., 74 *Mo.* 556 ; K. & P. R. Co. v. Pointer, 9 *Kaus.* 630 ; Roberts v. Banks, *Litt. Sel. Cases*, 411 ; Hawker v. B. & O. R. R. Co., 15 *W. V.* 636. See also *Taylor Ev.* 7 Eng. ed. ? 602. The declaration of the driver, after the accident had occurred and the car had been stopped, but before he had left it, that he could not stop the car because the brakes were out of order, is mere hearsay, and not admissible in evidence against his employer (Luby v. Hudson River R. R. Co., 17 *N. Y.* 131. To same effect, 51 *N. Y.* 295 ; 56 *Id.* 334 ; 72 *Id.* 542 ; 19 *Week. Dig.* 44). Declarations of an agent to be evidence, must be made during the agency, and at the very time of the transaction they relate to, so as to constitute part of the *res gestœ* (Dean v. Ætna Ins. Co., 62 *N. Y.* 642).

## Declarations of Officers of Corporation.

The declarations of agents or officers of a corporation are only admissible when made as part of the *res gestœ*, or in performance of the duties of their agency (First Nat. Bk, v. Ocean Nat. Bk., 60 *N. Y.* 278). In an action against a corporation for the acts of its servant, admissions by the president, made after the act, of the knowledge by the officers of the servant's character, are not admissible against the corporation (Utter v. Forty-second St. R. R. Co., 6 *Daly*, 227).

A somewhat similar question arose in New Jersey Steamboat Co. v. Brockett (U. S. Supreme Court, 1887), an action against the company for the forcible ejection of the defendant in error from their cars.

Schmitt *v.* Dry Dock, &c. R. R. Co.

The plaintiff in his evidence described the manner in which, as was contended, he was dragged by the watchman from the boxes. After stating that he was thrown to the floor, and was being roughly pushed by the watchman, he proceeded : "Then I saw another man coming with the uniform of the boat on, and the cap, and he said : 'All such men as you ought to be killed.' I says, 'What do you want to kill me for ?' He says, 'You farmers are so stingy, you are too stingy to buy a state-room, and you ought to be killed.' I said, 'You ought not to call me stingy.' Then he said, ' Have you looked at your ticket ?' I think he had 'third assistant mate' on his cap, the cap had a yellow cord, the same as the officers of the boat wore." It appeared, in proof, that the person here referred to was one of the mates of the Richmond.

The defendant objected, at the trial, to the competency of the statements of the mate. The objection was overruled and an exception taken. It was insisted on error that the defendant was not responsible for the brutal language of its servants, and that the declara-. tions of the mate to the plaintiff were not competent as evidence against the carrier.

The supreme court overrule this objection. They say : "We are of opinion that these declarations constituted a part of the *res gestœ.* They were made by one servant of the defendant while assisting another servant in enforcing its regulation as to deck passengers. They were made when the watchman and the mate, according to the evidence of the plaintiff, were both in the very act of violently "pushing' him, while in a helpless condition, to that part of the boat assigned to deck passengers. Plainly, therefore, they had some relation to the inquiry, whether the 'enforcement of that regulation was attended with unnecessary or cruel severity. They accompanied and explained the acts of the defendant's servants out of which directly arose the injuries inflicted upon the plaintiff" (Vicksburg & Meridian R. R. Co. *v.* O'Brien, 119 *U. S.* 99, 105 ; O. & M. R. R. Co. *v.* Porter, 92 *Ill.* 437, 439; Toledo & Wabash R. W. Co., 25 *Ind.* 190, 191).