(3 Misc. Rep. 521.)

O'NEILL v. THIRD AVE. R. CO.

(Common Pleas of New York City and County, General Term. May 8, 1893.)

STREET-RAILROAD COMPANIES—COLLISION WITH TEAM.

    In an action for damages caused by a collision between plaintiff's team and defendant's street car, it was error to refuse to charge that "plaintiff's team was bound, so far as it reasonably could, to keep off the tracks of the railroad company, so as to permit the free and unobstructed passage of the defendant's cars thereon," and to state, instead, that "this horse was standing in the street where it had a perfect right to stand," the evidence being conflicting as to how the accident happened.

Appeal from eleventh district court.

Action by Andrew O'Neill against the Third Avenue Railroad Company for damages caused by a collision between plaintiff's horse and cart and defendant's street car. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Hoadly, Lauterbach & Johnson, (John S. Bouvier, of counsel,) for appellant.

L. P. Mingey, for respondent.

BOOKSTAVER, J. This action was brought to recover damages which the respondent claimed to have sustained by reason of the negligence of defendant's servants. The action was tried by the court with a jury. On the trial there was much and contradictory evidence given on both sides as to how the accident occurred which produced the injury to the plaintiff's horse and wagon. At the close of the case the judge charged the jury both as to the facts and the law. He was requested, among other things, to charge that "the plaintiff's team was bound, so far as it reasonably could, to keep off the tracks of the railroad company, so as to permit the free and unobstructed passage of the defendant's cars thereon."

This the trial judge refused; but, on the contrary, had already, in his charge, said: "This horse was standing in the street where it had a perfect right to stand." This, together with the refusal to charge defendant's request, was equivalent to saying to the jury that the plaintiff was not bound to use reasonable care in keeping off the defendant's tracks; and this is contrary to the law applicable to such cases. A horse car can only run on the tracks provided for it, and cannot swerve to the right or left to avoid obstacles, which can readily be done by other vehicles. Hence the courts have held that a public highway upon which a railway track is authorized to be laid is necessarily set apart for the use of the owners of the car and tracks, to the extent that the public, in passing over that part of the highway, cannot interfere with the running of cars, or with the track, so as to unnecessarily hinder or delay the business of the railroad. Whitaker v. Railroad Co., 51 N. Y. 295; Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. Rep. 967; Hegan v. Railroad Co., 15 N. Y. 380, and many other cases which may be cited. We think this error sufficient, under the very contradictory testimony given in the case, and the somewhat improbable accounts of the accident given by plaintiff's witnesses, to warrant us in reversing the judgment, and ordering a new trial, with costs to the appellant, to abide the event.