THOMAS NORWOOD v. D. M. KENFIELD.

30　393
120　656

Statement of a Voter as to his Right to Vote.—A party to a contested election cannot claim as competent evidence for himself the statements of a voter made at one election precinct as to his right to vote, and at the same time ask to strike

out as incompetent the statements of the same person made at another precinct as to the same subject matter.

ARE A VOTER'S STATEMENTS EVIDENCE?—*Query?* Are the statements of one who votes at an election, made concerning his right to vote, competent evidence for either party in a contest concerning an office filled at that election.

AN ERROR WHICH IS NOT PREJUDICIAL.—An error in the Court in admitting evidence will not justify a reversal of the judgment, if the evidence does not prejudice the party objecting to it.

WHEN A PARTY MAY CONTRADICT HIS OWN WITNESS.—A party calling a witness, is not precluded from proving by another witness the truth of any particular fact in direct contradiction to what the first witness may have testified.

PROOF OF ILLEGAL VOTES IN A CONTESTED ELECTION.—In a contest concerning an election to an office, each party, if he relies on illegal votes cast for the other, must furnish the opposite party, three days before the trial, with a list of the names of the voters alleged by him to have voted illegally.

ERROR SHOWN BY APPELLANT.—Where the appellant shows error, the presumption is that he has been prejudiced by it, and if the respondent claims that he has not been so prejudiced, it is incumbent on him to see that the record discloses the fact that such claim is well founded.

CITATION AND STATEMENT IN ELECTION CONTEST.—No particular form of citation is required in a contested election case, nor is it necessary that the statement in such case should contain a prayer for relief.

APPÉAL from the County Court, Tuolumne County.

At the general election held in Tuolumne County in September, 1865, Thomas Norwood, the plaintiff, and D. M. Kenfield, the defendant, were voted for for the office of County Treasurer. Kenfield was declared by the Board of Canvassers elected, and received the certificate, and Norwood contested the election. The statement filed by the contestant did not contain any prayer for relief. The citation issued by the Clerk when the statement of contest was filed, was in the following form:

STATE OF CALIFORNIA, ⎰
     County of Tuolumne. ⎱

In the County Court—In the matter of the contested election between Thomas Norwood and D. M. Kenfield, for the office of Treasurer of Tuolumne County.—The People of the State of California to the Sheriff of the said County of Tuolumne, greeting: You are hereby required to cite D. M. Kenfield to appear before this Court, at the Court room thereof, at Sonora, in the County of Tuolumne, on Tuesday, the 28th day of

November, A. D. 1865, at 10 o'clock A. M. of that day, at which time said contested election will be heard and determined.

*Witness:* Hon. Geo. B. Keyes, Judge of said County Court, with the seal of said Court affixed, at Sonora, this 9th day of November, A. D. 1865.

R. E. GARDINER, Clerk.

By I. J. POTTER, Deputy.

The defendant, before answering, moved the Court to dismiss the proceedings, because he had not been duly cited as required by law to appear, and because no citation had been issued. The Court denied the motion. The defendant then demurred to the statement, because it contained no prayer for relief. The Court overruled the demurrer.

On the trial plaintiff called as a witness John N. Stone, who testified that he was Inspector of Election at the North Precinct of Sonora, and that G. A. Macomber offered his vote there and was challenged. The witness then detailed what Macomber said as to his qualifications as a voter. Macomber's vote was rejected at the North Precinct, and he then went to the South Precinct of Sonora and offered his vote, and was again challenged. Defendant called as a witness James Harter, and asked him what Macomber said at the South Precinct as to his qualifications as a voter. Plaintiff's counsel objected, because the statements of a voter were no evidence to prove his right to vote. The Court overruled the objection, and the witness answered the question. Macomber was allowed to vote at the South Precinct, and plaintiff claimed that he was not a legal voter.

Lot Cannel voted for plaintiff at the election. Defendant claimed that he was not a legal voter, and called him as a witness to prove such to be the case. He testified that he left Tuolumne County in May, 1864, and was away, and in Oregon most of the time, and did not return until the night before the election; but that he left a house and bed and bedding in Tuolumne County, and never called any other place his home,

and that he had never voted in any other place than Tuolumne County. He also said that he did not state that it was not his intention to come back to Tuolumne.

Defendant then called as a witness W. K. Moore, and asked him what he heard Cannel say about his intention of returning or not returning to Tuolumne. Plaintiff's attorney objected, because Cannel had been called as a witness by defendant, and that he could not contradict or impeach his own witness. The Court overruled the objection. The witness answered that he said he was going off prospecting, and would not return until he got his weight in gold.

Ole Johnson voted for the plaintiff, and the defendant claimed that he was not a legal voter, and the Court allowed him to introduce evidence tending to show the fact.

The Court found that Kenfield had received a majority of the votes cast, and confirmed his election and certificate. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*H. P. Barber,* for Appellant, argued that the respondent could not prove the declarations of Macomber to show his right to vote, as Macomber had voted for respondent, and this would be allowing a party to give evidence of declarations made in his own favor; but that appellant had a right to give evidence of Macomber's declarations showing that he had no right to vote. He also argued that the admission of Moore, defendant's witness, as to what Cannel said after defendant had made Cannel his own witness, came directly within the rule that a party cannot impeach his own witness. He also contended that a defendant in a contested election case, if he claimed that the contestant had received illegal votes, must furnish the contestant with the names of the persons whom he claimed voted illegally, or be precluded from giving evidence on the subject, and cited 1 Hittell, Sec. 2,476; and *Griffin* v. *Wall,* 32. Alab. 149.

*W. L. Dudley,* for Respondent, argued that the citation was not directed to the defendant and was not for him, and that a

citation was a summons to be addressed to the defendant the same as a summons in any other case, and that as what was called the citation in this case was only an order commanding the Sheriff to cite defendant to appear before the Court, the Court did not acquire any jurisdiction of the defendant, and the Court erred in refusing to dismiss. He also argued that the statement of contest should have contained a prayer for relief, as the statement was a complaint in which the contestant was the plaintiff. He also argued that even admitting that the Court erred in the admission of the evidence of Harter, Moore, and Johnson, it did not appear by the statement that respondent's number of votes would have been reduced below appellant's, and that therefore appellant had not sustained any injury, and that it devolved upon the appellant to show affirmatively that the error had produced injury to him. He contended further, that as the record did not disclose the number of votes received by either, and that as the Court did not find the number, and as the statement did not purport to contain all the evidence, it was apparent that it did not appear that appellant would have had a majority if the alleged illegal votes had been rejected; and cited *Buckhout* v. *Swift*, 27 Cal. 434; and *Owen* v. *Marton*, 24 Cal. 377. He also insisted that the Court did not err in permitting respondent to prove that the statements of his own witness, Cannel, were incorrect, and cited *Lawrence* v. *Barker*, 5 Wend. 305; *Hopkins* v. *Leek*, 12 Wend. 105; and 2 Caine, 131. He also contended that a defendant could, in no stage of the proceedings in an election case, become a contestant, and that it could not be inferred from the fifty-sixth and fifty-seventh sections of the election law that the defendant should furnish the contestant with a list of the illegal votes he claimed to have been cast for the contestant, and that it was evident the Legislature intended that the defendant might resort to such evidence as would tend to prove he had received the highest number of legal votes, without any notice.

By the Court, SANDERSON, J.:

If the statement of Macomber as to his place of residence made at the North Precinct in Sonora, where he did not vote, was competent evidence for the contestant, his statement made at the South Precinct, where he did vote, must by parity of reason be competent evidence for the respondent. If either can be regarded as a part of the *res gestæ*, it must be the latter, for the latter accompanied the act of voting, and the former did not. Whether either was competent evidence or not, it is unnecessary to decide, for the contestant cannot be allowed to say that the latter is incompetent, and in the same breath claim the benefit of the former. If the latter proved nothing, the former did as little, and the contestant wholly failed to establish the alleged illegality of Macomber's vote. If either proved anything, they each neutralized the other and still left Macomber's vote unimpeached. But were those statements or either of them competent evidence for either party? The question is at least doubtful. Counsel have not discussed it and we forbear to express an opinion, but suggest that it merits consideration if a new trial takes place.

II. If the Court erred in allowing the respondent to ask the witness Moore what Lot Cannel said when he left Tuolumne County about returning or not returning, it is clear that the answer did not prejudice the contestant's case, for so far as it proves anything it is in his favor. The remark made by Cannel at least implies an intention to return, and it is consistent with the testimony of Cannel himself, and does not tend to contradict that witness. But had it done so it would have been competent evidence. A party calling a witness is not precluded from proving the truth of any particular fact by any other competent evidence in direct contradiction to what such witness may have testified; and this not only where it appears that the witness was innocently mistaken, but even where the evidence may collaterally have the effect of showing that he was generally unworthy of belief. This is one of the

exeptions to the general rule that a party cannot impeach his own witness.   (1 Greenleaf on Ev., Sec. 443.)

III.  The Court erred in receiving evidence as to the alleged illegality of Ole Johnson's vote for the reason that his name was not on the list of alleged illegal voters furnished to the contestant by the respondent.   It is true that section fifty-seven of the Act regulating elections does not in words require the respondent to furnish the contestant with a list of voters, who, as he alleges, voted illegally for the contestant, but as to such vote the respondent really becomes a counter contestant and every reason why the contestant should furnish a list of the votes upon which he relies as illegal applies with equal force to the respondent when he becomes the actor.   We think it was the intention of the Legislature to require each party to give the other notice of such votes as he intends to assail as illegal.   Any other reading of the statute would result in a distinction where there ought to be none, and give to one of the parties an undue advantage over the other.   This view is sustained by the case of *Griffin* v. *Wall*, 32 Ala. 149, where a statute in terms the same as ours was construed as the latter is construed by us.

Counsel for the respondent claims that this error, if so found, is without prejudice to the contestant for the reason that it does not appear from the record that Johnson's vote, if allowed to the contestant, would change the result of the election.   It is true that the record fails to show whether the Court took Johnson's vote from the contestant or not; and it also fails to show what the Court did with Macomber's and Cannel's vote, or how these three votes, under any distribution of them, would affect the result.   Assuming that the Court below counted Macomber's vote for the respondent and took from the contestant the votes of Cannel and Johnson, it is still impossible to say from the record whether such action changed the result of the election as declared by the Board of Canvassers, for the number of votes which the parties received is nowhere stated in the pleadings; and the finding, instead of specifying the number of legal votes received by each party,

merely gives in general terms the greater number to the respondent. But where the appellant shows error the presumption is that he has been prejudiced by it. If it be claimed by the respondent that he has not, it is incumbent upon him to see that the record discloses the facts upon which such claim is founded. There being error and nothing to show that it did not prejudice the contestant's case, we are bound to presume that it did. (*Carpentier* v. *Williamson,* 25 Cal. 167.)

The objections interposed by the respondent to the citation and statement of the causes of contest were properly overruled. No particular form of citation is prescribed by the statute, and to hold that the one issued in this case was fatally defective would be to stick in the bark. Nor is it necessary that the statement should contain a prayer for relief. The statute dictates the course to be pursued if the causes of contest are found to be true, and the Court owes it to the public to pursue that course, whether the contestant formally demands it or not. The parties to a proceeding of this character are not the only persons interested in the result. The people are also interested, and have a right to insist that the office shall be given to the person upon whom they have bestowed it. (*Searcy* v. *Grow,* 15 Cal. 117.)

Judgment reversed, and a new trial ordered.


SAWYER, J., concurring specially :

I concur in the judgment on the grounds stated in the third point discussed in the opinion. Our statute upon the point in question seems to have been taken, with some slight difference in the arrangement of the provisions, from the statute of Alabama, construed in the case cited by Mr. Justice Sanderson, and I am of opinion that we should follow the construction put upon the provision by the Courts of that State. I also think the statements of Macomber at both precincts of Sonora inadmissible under the circumstances existing at the time of their introduction in evidence, and for the purposes offered. They were not statements of a party to this proceed-

ing, but were statements made by a stranger to the proceedings, for the purpose of accomplishing a particular purpose of his own. Had he testified upon the trial, and made statements different from those made on the occasions referred to, the party against whom he was called, after laying the proper foundation, might have shown the contrary statements for the purpose of discrediting his testimony. But such was not the condition of the case. I think the Court erred in admitting the statements of Macomber at the South Precinct, and, in my judgment, the error is not obviated by the fact that statements of a contrary character, made at the North Precinct, had been introduced by the respondent.