[No. 8,019.—In Bank.]
June 30, 1882.

## J. M. GARRETSON v. THE BOARD OF SUPERVISORS OF THE COUNTY OF SANTA BARBARA.

CERTIORARI—JUDGMENT ROLL—TRANSCRIPT.—Upon an appeal from a judgment on certiorari the record (where there is no bill of exceptions) consists of the judgment appealed from, and the writ and return thereto.

ID.—BOARD OF EQUALIZATION—EQUALIZATION OF ASSESSMENTS—RULES OF NOTICE.—Upon appeal from a judgment of the Superior Court upon certiorari affirming the reduction of certain assessments by the County Board of Equalization it was objected that no "rules of notice" were prescribed by the Board as required by § 9, Art. xiii. of the Constitution. *Held:* The return to the writ does not include, and if there be such rules ought not to include, general rules adopted by the Board for regulating the mode and manner of giving notice with reference to the equalization of assessments.

ID.—ID.—ID.—The Code does not require the testimony of witnesses examined before the Board of Supervisors to be reduced to writing; and in the absence of such requirements it must be presumed that the applicants were examined in accordance with § 3675 of the Political Code.

ID.—ID.—ID.—APPLICATION FOR REDUCTION OF ASSESSMENT—VERIFICATION.—The *jurat* to an application for a reduction of an assessment—subscribed by the applicant was as follows, "Sworn to before me this nineteenth day of July, 1881," (signed A. B. Williams, Clerk.) *Held,* sufficient.

ID.—ID.—ID.—ID.—The Board has no jurisdiction or power to reduce any assessment except upon a verified written application. *Held,* accordingly: The Board exceeded its powers in acting upon the application of C. which was not verified, and in reducing the assessment of H. who made no written application.

APPEAL from a judgment for defendant in the Superior Court of the County of Santa Barbara. HATCH, J.

*W. C Stratton,* for Appellant.

*Thos. McNulta, Richards & Boyce,* and *R. B. Caufield,* for Respondent.

MCKINSTRY, J.:

Appeal from the order of the Superior Court, upon return to *certiorari* issued by that Court, which affirmed the reduction of certain assessments by the County Board of Equalization. There are before us the judgment of the Superior Court, the writ and the return thereto. (C. C. P., 1077; 47 Cal. 604.)

It is said by petitioner that no " Rules of Notice " were prescribed by the County Board as required by Section 9, Article xiii. of the Constitution. The writ required only a return, or certified transcript of the record and proceedings to be reviewed. (C. C. P. 1071.) The return to the writ does not include, and, if there be such rules, ought not to include general rules adopted by the Board for regulating the mode and manner of giving notice with reference to the equalization of assessments.

The Code does not require the testimony of witnesses examined before the Board of Supervisors to be reduced to writing. In the absence of such requirement it must be presumed that the applicants were examined in accordance with Section 3675 of the Political Code.

The application for a reduction of their assessment by Carriega & Harris is subscribed by them, and attached to it is a *jurat* in the words following : " Sworn to before me this nineteenth day of July, 1881." (Signed, A. B. Williams, Clerk.) This is a compliance with the statute.

But, by the terms of Section 3574 of the Political Code, the Board has no jurisdiction or power to reduce any assessment, except upon written application verified.

The County Board of Equalization exceeded its powers in acting upon the application of De la Cuesta, which was not verified, and exceeded its powers in reducing the assessment of W. H. Hollister, who made no written application. In other respects the proceedings of the Board were properly affirmed.

Judgment reversed and cause remanded, with instruction

for Superior Court to modify the judgment to accord with the foregoing opinion.

McKEE, ROSS, SHARPSTEIN, MYRICK, and THORNTON, JJ., concurred.