SCHWARZ ET AL. v. COUNTY COURT OF GARFIELD COUNTY ET AL.

1. ELECTION CONTEST — REQUIREMENTS OF STATEMENTS AND COUNTER-STATEMENTS OF THE PARTIES TO THE ACTION — CONSTRUCTION OF STATUTE.— A proper construction of the act of 1885 (Laws 1885, p. 197), providing for contesting the election of county officers, requires each party to give the other notice, in the statements filed, of the names of such persons as he claims illegally voted for his competitor, and those whose votes for himself were illegally rejected.

2. JURISDICTION OF COUNTY COURT.— The statements required by the statute are necessary to give the courts jurisdiction; and where no effort is made by the contestor to comply with the requirements of the act in this regard, and a plea to the jurisdiction of the court is interposed by the contestee, setting up such defect, the court is without jurisdiction to proceed with a trial upon the merits. The statute furnishes a complete system of procedure within itself, and before a contestor can legally invoke the jurisdiction of the court he must state the facts required to bring his case within the purview of the statute.

3. ATTEMPT TO EXCUSE OMISSIONS IN STATEMENT.— The omission to furnish the list of names required by statute cannot be justified by subsequently alleging that the information necessary to prepare the same was in the hands of contestee, by whose fraud and violence contestor was prevented from obtaining it, when no effort was made in the first instance to either comply with the statute or to excuse the failure.

4. UNSEASONABLE OFFER TO AMEND STATEMENT.— Where it does not appear that any attempt has been made to comply with the statutory requirement by furnishing the list, and no excuse is offered for failing to do so, amendment of the petition for that purpose, at a late day in the proceedings, is unwarrantable, in the absence of a statute directly authorizing its amendment.

5. WRIT OF CERTIORARI — WHEN PREMATURELY ISSUED WILL BE QUASHED.— It is only the final determination of an inferior tribunal which can be reviewed upon a writ of *certiorari.* When it is sought to review thereby orders and proceedings in a cause preliminary to final judgment the writ will be quashed.

*Certiorari to County Court of Garfield County.*

Messrs. M. J. BARTLEY and JOSEPH W. TAYLOR, for petitioners.

Messrs. C. W. DARROW, J. W. DOLLISON and E. H. WATSON, for respondents.

MR. JUSTICE HAYT delivered the opinion of the court.

This controversy arose out of an election for municipal officers of the town of Glenwood Springs, held in April, 1889. The cases were recently before this court upon an appeal from a judgment rendered by the district court of Garfield county, to which court the cases had been removed from the county court by writ of *certiorari.* The district court, being of the opinion that county courts in the state had no jurisdiction of contests growing out of municipal elections, perpetually prohibited the county court of Garfield county from further proceeding with these contests. Upon appeal, this court held that such jurisdiction was conferred upon the county courts of this state by statute, and accordingly reversed the judgment of the district court. 13 Colo. 291.

It was then urged that the county courts in this state had no power to entertain jurisdiction of any contest for municipal offices. Such general power is now conceded, but it is claimed that the county court of Garfield county is without jurisdiction in these particular cases on account

of the insufficiency of the statements upon which the proceedings are based.    It will thus be seen that the question now presented for our determination is entirely different from the one decided upon appeal.

These cases, which have been consolidated by stipulation of counsel, affect all the municipal officers of said town declared by the canvassing board to have been elected, viz., one mayor and six trustees.    The contests are founded upon the claim that at said election a large number of illegal votes were cast for the parties to whom certificates of election were issued, and that such illegal votes were sufficient to change the result of the election. The particular defect relied upon to defeat the jurisdiction of the county court consists in the omission from the statements of the names of the persons whom it is claimed cast the illegal votes.    That court having decided against contestee's pleas to its jurisdiction, and being about to proceed with the trial of the contests upon their merits, we are asked to interfere by *certiorari.*

The three principal questions presented for our determination may be stated as follows: (1) The reception of illegal votes being relied upon as a cause of contest, should the names of the persons who so voted be given in the petition?    (2) If such names are omitted, is such omission fatal to the maintenance of the contests?    (3) The court being about to proceed upon a petition thus defective, can such contemplated action be prohibited upon *certiorari?*

A reference to the statute under which these contests were instituted is the only answer necessary to the first of these propositions.    In section 15 of the act it is provided: '' When the reception of illegal or the rejection of legal votes is alleged as a cause of the contest, a list of the number of persons who so voted, or whose votes were rejected, and the precinct or ward where they voted, or offered to vote, shall be set forth in the statement of contestor, and shall likewise be set forth in the

answer of contestee, if any such cause is alleged in his answer by way of counter-statement." Sess. Laws 1885, p. 197.

Although a slight ambiguity exists, the evident purpose of this statute is to require each party to give the other notice of the names of such persons as he claims illegally voted for his competitor, and of those whose votes for himself were illegally rejected. *Norwood v. Kenfield*, 30 Cal. 393; *Griffin v. Wall*, 32 Ala. 149.

The command of the act cannot be ignored; and if, as now contended by counsel, the omission to comply therewith arose from the fact that they were prevented from securing the information necessary to the making of such lists, by the fraud and violence of contestees and those under their control, or if, by any other unlawful act of contestees, contestors were prevented from obtaining the information necessary to prepare such lists, such facts should at least have been alleged in excuse in the first instance, in order that contestors may take advantage thereof. How far the court might be permitted to excuse the failure, had this been done, we need not determine, as in none of the statements before us was there any attempt either to comply with the statute or to offer any excuse for non-compliance. The proceedings upon an election contest before the county judge, under the statute, are special and summary in their nature; and it is a general rule that a strict observance of the statute, so far as regards the steps necessary to give jurisdiction, must be required in such cases. The act under which these contests were instituted not having been complied with in the particular mentioned, the statements filed as the basis of the proceedings are radically defective. Sedg. St. & Const. Law, 299; *Dorsey v. Barry*, 24 Cal. 449; *Casgrave v. Howland*, id. 457; *Norwood v. Kenfield, supra; Loomis v. Jackson*, 6 W. Va. 613; *Buckley v. Lowry*, 2 Mich. 418.

The act is not only special in character, but it furnishes

a complete system of procedure within itself.  It requires that such contests shall be tried and determined by the county judge of the county in which the contests arise. It provides for a written statement as the basis of the proceedings, and designates what it shall contain, and the officer with whom it shall be filed.  It designates the officer by whom the summons shall be issued, and provides the time and manner of making up the issues. Provision is also made for fixing the time of trial, and for the form of judgment to be entered, etc.  As we have seen, the jurisdiction of the court, under such a statute, depends entirely upon the terms of the act, and consequently, before contestors can invoke such jurisdiction, facts must be stated by them which bring the cases within the purview of the act.  In these statements, while the board of registration is charged with fraudulently permitting the names of those not entitled to vote to be registered, the *gravamen* of complaint in each case is that sufficient illegal votes were received and counted for the contestee to change the result of the election; and, unless this can be maintained as a cause of contest, contestors must fail; and yet no attempt has been made to comply with that portion of the act requiring a list of the number of persons who so voted, with the precinct or ward where such votes were cast, to be set forth in the statement.  It is reasonable to conclude that the legislature in enacting this requirement had in view the fact that by previous legislation the utmost care had been exercised to provide for the casting of the ballots and the integrity of the count; and it is certainly not unreasonable to require those who desire to contest the right of a person to an office to which he has been declared duly elected by the tribunal provided by law to determine that question, to state with reasonable certainty and precision the cause upon which they rely to overthrow such result.  We cannot say that the provision of the statute of 1885, under consideration, is unrea-

sonable, and, if it were, relief must be looked for from the legislature, and not from the courts.

The court below should have sustained the pleas to its jurisdiction based upon the failure to include in the statements the lists required by the statute. *Faribault v. Hulett*, 10 Minn. 38 (Gil. 15); High, Extr. Rem. § 781; *Keller v. Chapman*, 34 Cal. 635; *Garretson v. County of Santa Barbara*, 61 Cal. 54; *Quimbo Oppo v. People*, 20 N. Y. 531.

It is claimed that the defects in the statements may yet be supplied by amendment, although there is no provision of the act directly authorizing amendments. Even if the power exists in the court to permit amendments after the time for filing the statement has expired,—a point we do not decide,—still these statements contain nothing that can be taken as an attempt to comply with the statutory requirement in reference to giving a "list;" and, since no excuse is offered for the failure in this particular, we think it would be unwarrantable at this late day, when the terms of office for which some of the contestees were declared elected have nearly expired, to permit amendments so radical in character as those that would be necessary to supply the defects in these statements. During all the time these cases have been pending, contestors have insisted upon standing by the sufficiency of the pleadings filed as the basis of these proceedings, making no application to amend that can be considered by the court. Under these circumstances, we are of opinion that leave to amend should not be granted.

As this is the second time these cases have been before this court, and the foregoing questions have been argued at length by counsel, we have felt constrained to fully decide them. The writ of *certiorari* must, however, be quashed, for the reason that application therefor was prematurely made; the order sought to be reviewed being merely preliminary, and in no sense a final order or de-

termination.   While it is not necessary to wait until a judgment or order entered without jurisdiction is carried into effect, still it is only the final determination of an inferior tribunal that can be reviewed upon *certiorari;* the writ being never used to review merely preliminary proceedings like those presented upon this application. Hayne, New Trial & App. 917; *People v. County Judge,* 40 Cal. 479; *Lynde v. Noble,* 20 Johns. 79; *Haines v. Backus,* 4 Wend. 213; *Railroad Co. v. Whipple,* 22 Ill. 105; *People v. District Court,* 6 Colo. 534.

The writ of *certiorari* heretofore issued herein is accordingly quashed.

*Writ quashed.*

Mr. Justice Elliott.   I concur in the construction given to the election contest statute by the foregoing opinion.   In my judgment, however, so much of the rule or order of this court granting the writ as commanded the county court to desist from further proceedings in said election contest cases until the further order of this court in the premises should be made absolute.