Bissell, J.,
delivered the opinion of the court.
In December, 1895, George Teller began proceedings in the county court to condemn a ditch for the purpose of enlargement under the statute. It was owned as to some part -of it by the appellants, Sievers, and as to other parts of it by other ranchmen who lived along its line from near its source in Bock Creek to the point where it entered the property belonging to the various appellants. A statement of the various properties through which it ran, the size and character *148 of the ditch, the claims of the Sievers, or the character of the right asserted by Teller, is not necessary to either the determination of this appeal or as a basis for our conclusion. What we have said is enough to indicate Teller’s claim, and that on which his proceeding rested. He owned the ranch below the Sievers’ land where up to the time of his proceedings to condemn the ditch practically ended. He was an agricultural claimant, and needed the water to irrigate his-land. The only available course other than the construction of a new line which would incumber the properties over which it passed, was the use of that line after it was enlarged. In his petition Teller stated that the amount involved was less-than $2,000, which, the petition being otherwise sufficient, would bring the cause within the jurisdiction of the county court. After the proceedings were begun and the defendants had been brought in and sundry steps taken in the litigation,, the appellants filed a petition for certiorari in the district court to restrain the county court from further proceeding with the-matter, averring that the county court was without jurisdiction, and contending that this was a proper method to restrain that court from hearing or determining the rights of the parties. After the writ of certiorari was issued and parties brought, in, Teller moved to quash the writ, the court dismissed it, and the matter is brought here by appeal.
The appellants presented a great many questions by their petition for the writ, and have urged many matters on the-attention of the court in support of the proposition that the county court was without jurisdiction, and that therefore, they rightfully sued it out and might thus prevent further proceeding. The only practical question which we need consider is the jurisdiction of the county court to entertain proceedings in condemnation for the purpose of enlarging a ditch and furnishing a water supply to owners of land either below or along the line of the ditch which has been constructed. We shall not attempt to discuss or consider the various matters urged by the appellants in support of their position, because as we view it the whole thing turns on the *149 •solitary question of jurisdiction and the right to the writ of certiorari under the existing circumstances. As we look at it, both questions have been resolved adversely to the appellants by the decisions of the supreme court; the cases which will be cited have not only considered the question directly as to the jurisdiction of county courts in such matters, but they have determined cases which were begun in the county •court for like objects wherein the jurisdiction was assumed or conceded without question, and the extent and authority of ■the county court has been so fully considered in the matter, that a simple suggestion by the court as to the jurisdiction practically disposes of this appeal. It has been again and again determined that county courts were courts of general jurisdiction with concurrent authority with the district court in all matters which were within the limit placed on their jurisdictional authority, and it is assumed and conceded by the supreme court that condemnation proceedings for the enlargement of ditches are entirely within that jurisdiction so long as it appears that the amount involved is within the money limit which is placed on the authority of that court. We are wholly unable to look at the petition for the writ of certiorari to determine this question, but we must look to the petition filed in the county court and to that only because •the matter cannot be otherwise determined in the present state of this litigation. What might be the result if by the hearing it should appear that the amount involved was beyond the jurisdictional limit, or what might be the result should any other matter transpire which would serve to oust the court of jurisdiction, or what might happen if the court .should render a judgment which the proof did not justify, or which according to the proof it had no authority to enter, we need not consider. On the face of the petition as presented in the county court it had the right to proceed. We are un.able to see anything in the application which overturns the presumption arising from the contents of the petition, nor anything on which we would be authorized to hold that the county court lacked authority to hear and determine the *150 matter. We shall, therefore, hold that as the case now stands the county court had jurisdiction both of the subject-matter and of the parties, and as the matter stood at the time the application for the writ of certiorari was filed and the writ issued, it was proceeding as it had a right to do and the parties could not, on the showing made, attack the proceedings on jurisdictional ground. Otero Canal Co. v. Fosdick, 20 Colo. 522; Southwestern Land Co. v. Hickory Jackson Ditch Co., 18 Colo. 489; Sand Creek Lateral Ir. Ditch Co. v. Davis, 17 Colo. 326; People v. County Court, 3 Colo. Ct. of App. 425; U. P. Ry. Co. v. Bowler, 4 Colo. Ct. of App. 25.
These cases clearly sustain the jurisdiction of the county court in proceedings of this kind, and we are unable to discover that the petition for the writ of certiorari contains anything which compels the application of a different rule, or warrants us to reach a different result. We might cite many others in the two courts on the question, but these are enough to support the judgment.
The judgment was likewise right because at the time the petition was filed there had been no final adjudication which could be thus reviewed. As we look at it, this was conclusively determined in Schwarz v. County Court, 14 Colo. 44. According to that authority the application was prematurely made. It came too soon because at the time it was applied for, it was substantially an attempt to restrain the county court before it had rendered any final judgment. In that case there was an attempt by certiorari to restrain the county court from determining the title of various officers who assumed to have been elected in Garfield county, whose title was questioned by contests initiated by parties who claimed the right to hold office. In that case the court adjudged the petition filed to contest the title insufficient for the lack of sundry averments which were indispensable to a statement of a right of contest. Notwithstanding this fact, and notwithstanding the insufficiency of the contesting petitions, and notwithstanding perhaps the lack of right to amend the petitions to make them sufficient for the purpose, the court still *151 held that since the county court had under the statute general jurisdiction in such matters, its action could not be interfered with in this manner until it should mate a final determination of the matter and possibly proceed to its execution. From this decision it is manifest that the question of jurisdiction is not dependent entirely on the sufficiency of the complaint which a party may file in a given proceeding, but that the pivotal question is whether in case a sufficient petition has been filed the court would have jurisdiction of the subject-matter, and if that be true and it has jurisdiction of the parties it is enough to sustain its action. The person aggrieved must wait the final determination of the matter or an attempt to execute a judgment before he can apply for a writ of certiorari. If this is true, and the position is amply sustained by this ease, and it accords with our views of the law, the appellants proceeded too soon and initiated a proceeding which cannot be maintained.
We regard this as an ample determination of the appeal, and we do not feel called on to discuss the various matters which have been suggested by the appellants, and which under some circumstances might compel us to disagree with the trial court. Whether this be or be not true, we neither inquire nor determine.
The district court did not err in quashing the writ, and its judgment will accordingly be affirmed.

Affirmed.