[No. 3800.]

THE PEOPLE EX REL. SIEVERS ET AL. v. THE COUNTY COURT OF GARFIELD COUNTY AND NOONEN, JUDGE.

1. CERTIORARI—FINAL JUDGMENT.
A writ of certiorari will not issue to remove a cause to a higher court until there has been a final determination of the matter in the lower court, or an attempt to execute a judgment.

2. CERTIORARI—FINAL JUDGMENT—JURISDICTION—EMINENT DOMAIN.
In an action in the county court to condemn an easement for an irrigating ditch, where the jury returned a verdict placing the value of the property sought to be condemned at more than $2,000, and the judge set aside the verdict as excessive there was no such final disposition of the matter as would authorize the issuance of a writ of certiorari to remove the cause to the supreme court.

3. PRACTICE—JURISDICTION—COUNTY COURTS—VERDICT.
In an action in the county court the mere returning of a verdict by a jury placing the value of the property in controversy at more than $2,000, is not such judicial ascertainment of the amount in controversy as will oust the jurisdiction of the court; such a verdict might be set aside and a new trial granted. The verdict is not a judicial determination of the fact until judgment has been rendered upon it.

*Original Application for Writ of Certiorari.*

Mr. JOHN T. SHUMATE, Mr. C. W. DARROW and Messrs. ROGERS, CUTHBERT & ELLIS, for petitioners.

Mr. EDWARD T. TAYLOR and Mr. J. W. DOLLISON, for respondents.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

In the county court of Garfield county, George Teller instituted proceedings under the eminent domain act against these petitioners, as respondents, to condemn an easement for an irrigating ditch. There were apt averments in his petition bringing the cause within the jurisdiction of that court. Trial was had before a jury which returned a verdict which the petitioners here, respondents there, now claim ousted the county court of jurisdiction to proceed further because the value of the property sought to be condemned was placed by the jury in excess of $2,000, which, under the statute relating to the jurisdiction of county courts, was beyond the limit fixed.

A motion to set aside the verdict upon the grounds, *inter alia*, that it was excessive and not sustained by the evidence, was made by the petitioners and granted by the court over the protest of the respondents, who insisted that the only order competent for the court to make was one dismissing the petition for lack of jurisdiction over the subject-matter. The respondents in the county court thereupon filed in this court an application for a writ of certiorari; and upon its presentation a rule to show cause was issued, proceedings to be stayed until further order.

From the return of the county court it now appears that soon after the condemnation proceeding was begun, the respondents applied to the district court of Garfield county for a writ of certiorari to restrain the county court from further proceeding, upon the ground of a lack of jurisdiction, and that a temporary writ was issued, and that afterwards, on motion of the respondents in the district court, who were the petitioners in the county court, the temporary writ was discharged, and the application in the district court dismissed.

From this judgment of the district court an appeal was taken to the court of appeals. Pending final determination an application was there made for an order restraining proceedings in the county court, which was refused. After this interlocutory order was made, the respondents in the condemnation proceedings applied here for a writ of certiorari.

The court of appeals, on final hearing, held that the county court had jurisdiction in the premises, and that the application in the district court for a writ of certiorari was premature, and upon these two grounds affirmed the judgment of the district court quashing the writ. *Sievers v. County Court*, 11 Colo. App. 147.

If all the facts, as recited above, had been presented to us when this application was first made, it would have been denied. In *Schwarz v. County Court*, 14 Colo. 44, it was ruled that the person aggrieved must await the final determination of the matter or an attempt to execute a judgment before he can apply for a writ of certiorari. The court of appeals came to a like conclusion in *Sievers v. County Court, supra*. This determination is unquestionably right.

From the record in this case it appears that no final judgment has been rendered by the county court in the condemnation proceeding. A ruling setting aside a verdict and granting a motion for a new trial is but an intermediate or interlocutory order, and is not at all decisive of the controversy. *Lutterell et al. v. Swisher*, 5 Colo. 54. Upon this ground alone this application fails.

Putting our decision upon the foregoing ground must not be interpreted as a recognition of the claim of the petitioners with respect to the verdict, either as to the correctness of the contention as a matter of fact, or its soundness as a proposition of law. *D. W. & P. R. R. Co. v. Church*, 7 Colo. 143, *D. & R. G. Ry. Co. v. Otis et al.*, 7 Colo. 198, and *D. C. I. & W. Co. v. Middaugh*, 12 Colo. 434, are cited to the point that the moment the jury return a verdict in excess of $2,000, *ipso facto* the jurisdiction of the county court is

ousted.   But neither of these cases so decides.   In all of them the verdict had ripened into a judgment by the court's approval thereof, and, of course, the judgment was a judicial ascertainment that the amount in controversy exceeded $2,000; consequently the county court no longer had jurisdiction.

But from the doctrine of these cases it does not follow that a verdict awarding respondent a sum in excess of $2,000 might not be set aside by the county court upon the ground that it was given as the result of passion, prejudice, or some similar motive, and a new trial granted.   The verdict itself is not a judicial determination of a fact.   It is without virtue until judgment has been rendered upon it.

The order heretofore entered staying further proceedings of the county court should be vacated, the rule to show cause discharged, and the petition dismissed at the cost of petitioners, and the orders will be so entered.

*Dismissed.*