King, J.,
delivered the opinion of the court.
This is a habeas corpus proceeding commenced in the 'County Court by John M. Casper, defendant in error here, against James H. Flynn and Rose Flynn, plaintiffs in error, to obtain the custody of his infant daughter, Nina Dale Cas *345 per. On trial in the County Court, judgment was rendered in favor of the defendants, whereupon an appeal was taken to the'District Court. Upon trial de novo, the District Court awarded the custody of the infant to> its father.
The only question discussed in the briefs, and necessary' for determination here, is whether, by appeal from the County Court, the District Court acquired jurisdiction to try and determine the case. Plaintiffs in error contend that no right of appeal is granted by the habeas corpus statutes, and that such right is neither expressly nor by clear implication conferred by the general statutes governing the jurisdiction of County Courts and appeals therefrom. The general statutes provide that County Courts of the several counties of this state shall have concurrent jurisdiction with the District Courts in all civil actions, suits and proceedings whatsoever, except as otherwise provided — Rev. .Stats. 1908,. § 1526, Mills’ Ann. Stats. § 1650 — and that appeals may be taken to the District Court of the same county from all final judgments and decrees of the County Court in civil actions, except judgments by confession — Rev. Stats. 1908, § 1536, Mills’ Ann. Stats. § 1660. If this proceeding and the right of appeal under consideration were limited to and controlled entirely by the provisions of the chapter in. relation to habeas corpus, the contention of plaintiffs in error might present greater difficulties, as that chapter seems to provide a special statutory procedure for matters coming only within its provisions ; but it is clear that the statute was enacted peculiarly, if not solely, with respect to proceedings for discharging persons from illegal imprisonment for “criminal or supposed criminal matters,” and from illegal imprisonment in civil suits involving quasi-criminal, or tortious elements, in satisfaction of which imprisonment may be awarded. It does not expressly, nor, do we think, impliedly, take away the common law writ when used in civil matters such as this where release from the restraint complained of is incident to the main issue of the right to the custody of the person said to be under *346 restraint, as between the petitioner and the respondent — in other words, where future disposition, as well as release from restraint, is to be decided. At common law, jurisdiction over the writ was exercised by courts of chancery, as well as of King’s Bench and Common Pleas — Hurd on Habeas Corpus, *147, 457. And when the writ was granted on petition of a pjarent for the purpose of determining the right to the custody of his infant child, either court, having -acquired jurisdiction of the infant by virtue of the writ, often proceeded as a court in chancery to- determine not only the legal right of the father to- its custody, but also whether the interest and welfare of the child would be promoted by taking it from the custody of the respondent and restoring it to that of the father, the welfare of the child being the primary and. controlling question for the guidance of the court. When invoked for the purposes named, the action is regarded as a civil action or proceeding. In this state, the County Court has general jurisdiction of all -civil matters, both in law and in equity, except as expressly limited — Sievers v. County Court, 11 Colo. App. 147, 149, 52 Pac. 634; Arnett v. Berg, 18 Colo. App. 341, 71 Pac. 636.
In this case, the -petition for the writ was as full, and stated as amply the reasons for demanding and retaining the custody of the child, as if it had been a complaint in any other civil suit at law or in equity, and the answer and reply were of the same nature. Although the habeas corpus writ was used to- effectuate its purpose, we regard this suit as clearly within the contemplation of the general provisions of the statute conferring'jurisdiction upon County Courts in civil actions and proceedings, and the right of appeal to- the District Court from final decrees -and judgments of the County Court therein (except as expressly limited by the habeas corpus act). It is true that' the special chapter relative to habeas corpus makes no- provision for appeal to the District Court from a judgment or order of the County Court, but the same is true as to the right of appeal fro-m or writ' *347 of error to the District Court; so that if the provisions of that chapter are controlling upon the right of appeal or to writ of error, they are as conclusive against that right as to judgments of the District Court as to those of the County Court; and that question, so far as it pertains to- appeals from the District Court, has- been determined adversely to the contention of plaintiffs in error in McKercher v. Green, 13 Colo. App. 270, 58 Pac. 406, and People ex rel. Green v. Court of Appeals, 27 Colo. 405, 61 Pac. 592, 51 L. R. A. 103. In the last case cited the court said:
“Counsel for petitioner contend that no review of such judgment can be had on appeal or error unless the same is expressly provided for by statute. Whatever may be the rule in this regard applicable to the usual judgment in habeas corpus discharging a party from illegal imprisonment, we think that in a case where the controversy involves the right to the custody of an infant, although the writ of habeas corpus is used to determine that right, it is nevertheless a civil suit, and the judgment rendered being a final adjudication in regard to such custody, it is clearly reviewable by the court of appeals, under the statute creating that court.”
We think the reason for the rule, adopted in the cases cited, applies with equal force to the instant case.
The judgment is affirmed.

Affirmed.