## No. 9847.

### FRANKLIN ET AL. *v*. BARIAN.

1. JUSTICE OF THE PEACE—*Sitting for Another*, under Rev. Stat. sec. 3893, may try the cause; but if he fails to exercise this authority the justice by whose request he acts has not lost jurisdiction, and may proceed to judgment.

2. ——*Appeal—Certiorari*. An appeal lies from such judgment. Certiorari thereto is not allowed.

*Error to Montrose District Court, Hon. Thomas J. Black, Judge.*

Mr. JOHN L. STIVERS and Mr. PAUL L. LITTLER, for plaintiffs in error.

Mr. HUGO SELIG, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error was defendant in an action before Franklin, a justice of the peace, and, judgment having gone against him, sued out from the District Court a writ of certiorari, alleging that said justice of the peace had exceeded his jurisdiction in the matter of the judgment.

A motion to quash the writ was overruled, and the judgment against defendant in error was set aside and held for naught. The respondents in that proceeding bring the case here on error.

It appears that the said Franklin, justice of the peace, before whom the cause against defendant in error was pending, was sick on the date of trial; that thereupon one Johnson, the nearest justice of the peace, was at the request of Franklin, called in to attend at the time and place fixed for trial, as provided by section 3893, R. S. 1908. He so attended and continued the cause. The record shows that Johnson several times, at the request of Franklin, continued the cause. The last continuance made by him was to February 4, 1920, at which date the cause was tried before Franklin; the defendant not appearing.

The motion to quash the writ of certiorari was made upon the ground that the petitioner had an adequate remedy by appeal.

For defendant in error, it is insisted that the cause was pending before Johnson and not before Franklin and that the record shows that the former was called in to try the cause. We do not so read the record. Its recitals are that each time, at the request of Franklin, the cause was continued. It is true that on one occasion, at the request of the plaintiff, Johnson directed summons to issue to bring in another defendant. That is the only action taken by him aside from the continuance. The statute gives him authority to try the cause, but as long as he did not attempt to exercise such authority, and as his record shows that he was at all times acting merely as a substitute for Franklin, there is no ground for the claim that Franklin had lost jurisdiction of the cause. We see no reason why the defendant's rights would not have been fully protected by appeal, and counsel suggests no such reason. There being a right of appeal, certiorari does not lie.

It appears then that it was error to issue the writ, and the judgment is accordingly reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.