## No. 12,355.

### FOSTER ET AL. *v.* NICKLES.
(291 Pac. 1040)

Decided September 29, 1930.

Mr. J. Arthur Phelps, Mr. George B. Baker, for plaintiffs in error.

Mr.William T. Burris, for defendant in error.

*In Department.*

Mr. Justice Adams delivered the opinion of the court.

Foster, plaintiff in error, a justice of the peace in Pueblo county, brings this cause here on writ of error, to review a judgment in certiorari, rendered against such justice by the county court of the above county under the following circumstances: On January 29, one Bailey caused to be filed a criminal complaint in the justice court against Nickles, defendant in error, hereinafter called defendant, charging him with unlawful possession of intoxicating liquors. He was arrested and at 9 o'clock a. m. on the following day was brought into court. He thereupon pleaded not guilty and hearing was set for February 7, at 11 a. m., without apparent objection, but on the afternoon of January 30, the defendant changed his mind and, at 4 o'clock of that day, came before the justice with his attorney and asked to withdraw his plea of not guilty and substitute a plea of guilty. On the advice of the deputy district attorney, the justice refused to accept the plea of guilty or to impose sentence.

Nothing further occurred until February 6th, the day before the case was to have been heard before the justice of the peace. On February 6th, the defendant sued out a writ of certiorari in the county court, commanding the justice to certify a transcript of the proceedings to the county court. The writ was served on the justice at 5 o'clock p. m. of February 6th. In due time, he certified the transcript to the county court and thereafter moved to quash the writ, which motion was overruled. The county court then reversed the order of the justice overruling defendant Nickles' request to change his plea

and remanded the cause to the justice to carry out the order of the county court, in effect to accept defendant's plea of guilty and impose sentence. No evidence was taken before the justice or county court and the county court had nothing before it but defendant's petition and the certified transcript of the proceedings before the justice.

1. It is difficult to gather from defendant's briefs under what supposed system of practice or procedure the writ of certiorari issued out of the county court. The cause began as a criminal case, retains its character as such, and must be determined by the rules of criminal law, except where the rules of civil and criminal law, practice or procedure are the same. However, the heterogeneous character of the writ here discussed is such that it is not lawful kin to any branch of legal science, to the despair of the legal bibliographer and bewilderment of the psycho-analyst. Without seeming to justify the writ from any standpoint—a purpose which we disclaim—we shall particularly mention only two of its deformities. The first of these is that there was no final judgment in the justice's court to warrant certiorari, and the second, failure of defendant to show any injury.

2. First, let it be repeated, in the language used in *Leppel v. District Court,* 33 Colo. 24, 29, 78 Pac. 682, "It is upon the record alone that review by certiorari is had; not upon the averments in the petition for the writ, or on facts not appearing of record. *People v. County Commissioners,* 27 Colo. 86."

3. Sections 6162 to 6169, both inclusive, C. L. 1921, provide a system of procedure for removing causes from justices' courts by writs of certiorari. Conceding, only for the sake of argument, the applicability of such statute to a case of this nature if such law were complied with, we remark that the sections contain repeated reference to the "judgment" of the justice. They presuppose the existence of a final judgment. In this, the stat-

ute is in harmony with the oft-expressed rule, that when the inferior tribunal, to which the writ of certiorari is directed, is clothed with jurisdiction, the writ does not lie except to a final judgment. *Schwarz v. County Court,* 14 Colo. 44, 50, 23 Pac. 84; *People v. County Court,* 26 Colo. 478, 480, 58 Pac. 591. The justice of the peace had jurisdiction and there was no final judgment. Nothing but interlocutory orders had been entered. At the instance of counsel for defendant Nickles, the writ from the county court snatched the cause from the grasp of the justice less than twenty-four hours before the definite time set for trial. The writ was sued out for the ostensible purpose of forestalling a final judgment. Such proceedings were wholly unauthorized and the writ of certiorari was improvidently issued.

■ 4. The student may wonder at this seemingly weird case of a lawyer contending in three courts for the sentence of his client on an undetermined criminal charge. An answer is due, not for the gratification of idle curiosity, but because of the underlying principle in every cause, that there must be an invasion of some legal or equitable right, to set the machinery of the courts in motion. Courts are not required to render judgment based on the mere whim or caprice of litigants. Defendant cannot complain unless he is injured, or in homely vernacular, must not cry unless he is hurt. Courtroom acoustics are not adjusted to harmonize such infantile outbursts, and counsel for defendant does not offer any sufficient explanation of his client's imaginary pain, which defies diagnosis. Defendant was petitioner and proponent in the county court, and the burden was on him to elucidate the malady, but he failed to do so.

■ 5. With the record silent on the point, it is difficult to conjecture what legitimate advantage, if any, defendant Nickles would gain by a plea of guilty, or what legal right he lost by his forced adherence to such a favorable plea as not guilty. If defendant were acquitted on the latter plea or if the district attorney regularly

exercised his privilege of dismissing the case before trial, it would of course result in defendant's being set at liberty on the particular charge as laid. If not acquitted or if the case were not dismissed, defendant would be sentenced, which is what he claims to want. Who could ask for more? He had less than a day to wait, but his counsel improperly attempted to stampede the justice and district attorney and by his unheard of tactics, has only succeeded in bothering the courts and deferring the day of judgment by many months. Defendant's remedy, if any, was to abide the final disposition of the cause by the justice of the peace and then, and not until then, take an appeal if the facts justified such course.

6. Defendant was the moving cause in procuring the issuance of a void writ from the county court; he will not be allowed to take advantage of his own wrong, or claim any benefit by reason of delay or otherwise caused by such writ. The justice had original jurisdiction, and under the above circumstances did not lose it, exceed it or abuse it. He will be at liberty to restore the case to his hearing calendar, re-set it, and proceed further in accordance with law, the same as if the writ from the county court had not issued.

Other grounds of reversal might be considered, but those stated are fatal to the writ of certiorari. We fear that counsel for defendant Nickels has seriously misled the honorable county court. Its judgment is reversed and the cause will be remanded with directions to quash such writ.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Alter concur.