No. 13,926.

SUMMERS *v*. MOCK.
(... P. [2d] ...)

Decided June 1, 1936.

Mr. L. C. KINIKIN, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action in replevin before a justice of the peace of Montrose county, to recover possession of a horse alleged to be of the value of $75. The property not having been taken under the writ, trial proceeded as for damages. The justice, while determining that the value of the horse was $25, found right of possession was in defendant. Judg-

ment was given against plaintiff for costs, and she appealed to the county court.

While the matter stood on appeal, plaintiff in the action, and in error here, moved that pending trial "upon the merits," defendant be required to deliver the horse to the sheriff. The county court ordered accordingly, delivery to be made in ten days. Defendant, emphasizing that the property had not been taken, in consequence whereof the trial before the justice had proceeded "upon the theory of damages based on the value of the animal," urged that the county court was without authority to make the order mentioned, and moved its vacation. The motion was denied. Subsequently, defendant not having complied with the order to deliver the horse to the sheriff, plaintiff further moved that defendant be confined in the county jail until he "shall have turned the animal over to the sheriff." The motion was granted. Thereupon defendant, alleging to the effect indicated by the record already recited, and that the constable's failure to take possession of the horse was not due to defendant's concealment thereof, but to the fact that at the time of the issuance of the writ of replevin the horse was ranging in San Miguel county, by petition to the district court for writ of certiorari challenged the jurisdiction of the county court to so proceed. On hearing it was adjudged that the county court did not have jurisdiction to make the orders of which complaint was made and their annulment was directed. Plaintiff prosecutes error.

 That the property in controversy was not "in his county," would seem to explain the constable's failure to seize and take it into his custody. §6146, C. L. 1921. Confronted with the fact that the officer had not taken the property, plaintiff had choice to proceed as for damages under section 6154, C. L. 1921, or for summary action looking to the incarceration of defendant or possession of the property by the officer before trial, pursuant to section 6156, C. L. 1921. She elected to avail herself of the provisions of section 6154, with the result stated. It

560

followed from such election that save for the purpose of predicating damages on a finding in plaintiff's favor on the issue, right of possession of the property ceased to be important, for however determined, change of possession would not be in contemplation. But, plaintiff's counsel says, she could elect in the county court to resort to section .6156, and enjoy the benefits of its summary provisions. We do not think so. By her election in the justice court she irrevocably fixed the issue to be tried. From an adverse judgment on the presented issue she appealed to the county court, where her sole right was to a trial de novo.

We have examined *Franklin v. Barian,* 68 Colo. 560, 190 Pac. 1116; *Schwarz v. County Court,* 14 Colo. 44, 23 Pac. 84; and *Union Pacific Ry. Co. v. Bowler,* 4 Colo. App. 25, 34 Pac. 940, cited by counsel, but regard them as distinguishable. Let the judgment be affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.