No. 14,087.

SUMMERS v. MOCK.

(66 P. [2d] 801)

Decided March 15, 1937.

MR. L. C. KINIKIN, for plaintiff in error.

Messrs. MOYNIHAN & HUGHES, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is the second time this controversy has been before us. A succinct statement of the facts is contained

in the opinion handed down on the former review which is reported in 98 Colo. 558. In the meantime there has been no change in the issues involved and error now is assigned to the procedure directed by the lower court following the mandate of this court on the former hearing. For convenience, we again outline the facts briefly as follows: Summers instituted a replevin action in the justice court for possession of a horse of the alleged value of $75. A replevin writ was issued and placed in the hands of the constable who made a return showing that he had left a copy of the writ at the residence of Mock, the defendant, but that he did not take possession of the property as directed by the writ. Venue was changed to the nearest justice, where the case was tried upon the issues of the right to the property, its possession and the value; resulting in a judgment in favor of the defendant and against the plaintiff for costs. Appeal to the county court was regularly taken, and while thus standing, plaintiff obtained certain orders from the latter court relative to the delivery of the horse by the defendant to the sheriff. In opposing these orders defendant argued that since the property had not been taken by the constable prior to the time of the trial in the justice court, that the trial there had proceeded on the theory of damages based on the value of the animal, and in line with this argument he challenged the jurisdiction of the county court to enter orders relative to possession of the property, by a petition for a writ of certiorari in the district court. Upon hearing in the district court, the orders entered by the county court were annulled on the ground of lack of jurisdiction of that court to enter them. This judgment of the district court we affirmed on the former review. Under the remittitur from this court, such proceedings followed as returned the controversy to the county court where the matter stood on the appeal from the justice court. Defendant moved to dismiss the appeal and for writ of procedendo, on the ground of total want of jurisdiction of the county court over the subject

180 matter of the action. This motion was sustained, the appeal dismissed, and judgment entered in favor of defendant and against plaintiff for costs.

■■ There is no question concerning the regularity of the appeal from justice to the county court. That upon such an appeal plaintiff had a right to a trial de novo, cannot be questioned, and the de novo trial could be only upon the issue presented in the justice court. That issue had been fixed by plaintiff as being upon the question of damages based on the value of the property sought to be replevined, and not upon the question of possession, since the latter issue was by plaintiff's action waived and abandoned. That being so, this issue could not be revived, on the appeal, in the county court; plaintiff therefore was limited in that court to the question of damages, but as to that issue she had the right to be heard and upon that question, the county court had full jurisdiction. In these circumstances dismissal of plaintiff's appeal on the ground that the court had no jurisdiction in the case, was error. Its judgment, therefore, is reversed.

Mr. Chief Justice Burke and Mr. Justice Hilliard concur.